# EXHIBIT A

FILED
16 JUL 18 PM 4:03

KING COUNTY
SUPERIOR COURT CLERK
CASE NUMBER: 16-2-15796-3 SEA

THE HONORABLE JEFFREY RAMSDELL
Department 9

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| EVA MOORE, BROOKE SHAW, CHERRELLE DAVIS, and NINA DAVIS, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>JOHN URQUHART, in his official capacity as KING COUNTY SHERIFF, and KING COUNTY SHERIFF'S OFFICE CIVIL UNIT,<br><br>Defendants. | NO. 16-2-15796-3 SEA<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiffs Eva Moore, Brooke Shaw, Cherrelle Davis, and Nina Davis, by and through their attorneys, bring this action on their own behalf and on behalf of all others similarly situated and allege as follows:

## I. INTRODUCTION

1.  <u>Nature of Action.</u>  Plaintiffs bring this action against Defendants John Urquhart and the King County Sheriff's Office Civil Unit (collectively, "Defendants"). Plaintiffs allege Defendants are violating the due process clauses of the United States Constitution and the Washington State Constitution by serving tenants with writs of restitution issued pursuant to RCW 59.18.375. Plaintiffs allege RCW 59.18.375 is unconstitutional because it authorizes the

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF - 1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  issuance and service of writs of restitution before a hearing has taken place and creates a substantial risk that the right to housing will be erroneously deprived.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this action under 42 U.S.C. § 1983 because this is an action for deprivation of rights, privileges, and immunities secured by the United States Constitution. *See Robinson v. City of Seattle*, 119 Wn.2d 34, 57 (1992) (noting state courts have jurisdiction in actions brought under 42 U.S.C. § 1983).

3. The Court has jurisdiction over this action under Article IV, Section 6 of the Washington State Constitution and RCW 2.08.010 because this is a case in equity.

4. The Court has jurisdiction over this action under Article IV, Section 6 of the Washington State Constitution and RCW 2.08.010 because exclusive jurisdiction over this matter has not been vested in some other court.

5. The Court has jurisdiction over this action under the Uniform Declaratory Judgments Act, RCW 7.24.010.

6. Venue is proper in this Court under RCW 4.12.020(2) because this is an action against a public officer for acts done by him in virtue of his or her office.

7. Venue is proper in this Court under RCW 4.12.025(1) because the Defendants reside in King County.

8. Venue is proper in this Court under RCW 36.01.050 because the King County Sheriff's Office is a division of King County.

## III. THE PARTIES

9. Plaintiff Eva Moore is a citizen of Washington State and a resident of King County. Ms. Moore lives in rental housing located at 11328 SE Kent-Kangley Road Apt. D-206, Kent, Washington 98030. Defendants served Ms. Moore with a writ of restitution requiring her to vacate her home.

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF - 2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

10. Plaintiff Brooke Shaw is a citizen of Washington State and a resident of King County. Ms. Shaw lives in rental housing located at 11328 SE Kent-Kangley Road Apt. D-206, Kent, Washington 98030. Defendants served Ms. Shaw with a writ of restitution requiring her to vacate her home.

11. Plaintiff Cherrelle Davis is a citizen of Washington State and a resident of King County. Ms. Davis is currently homeless and living her mother's car. She was recently evicted from rental housing located at 34009 1st Circle South #B, Federal Way, Washington 98003. Defendants served Cherrelle Davis with a writ of restitution requiring her to vacate her home.

12. Plaintiff Nina Davis is a citizen of Washington State and a resident of King County. Ms. Davis is currently homeless and living in her car. She was recently evicted from rental housing located at 34009 1st Circle South #B, Federal Way, Washington 98003. Defendants served Nina Davis with a writ of restitution requiring her to vacate her home.

13. Defendant John Urquhart is a citizen of Washington State and serves as the elected King County Sheriff. Defendant Urquhart is responsible for the conduct of the King County Sheriff's Office Civil Unit.

14. Defendant King County Sheriff's Office Civil Unit is an office of a municipality of Washington State and is responsible for enforcing writs of restitution in King County.

### IV. FACTS ENTITLING PLAINTIFFS TO RELIEF

15. The United States Constitution and the Washington State Constitution each provide that no person may be deprived of life, liberty, or property without due process of law. Both constitutions "require, at a minimum, that a defendant subject to an action for unlawful detainer be afforded a 'meaningful opportunity to be heard.'" *Leda v. Whisnand*, 150 Wn. App. 69, 83, 207 P.3d 468 (2009) (quoting *Carlstrom v. Hanline*, 98 Wn. App. 780, 790, 990 P.2d 986 (2000)). "Washington law simply does not countenance eviction of people from their homes without first affording them some opportunity to present evidence in their defense." *Leda*, 150 Wn. App. at 83.

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF - 3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

16. Plaintiffs Eva Moore and Brooke Shaw moved into the property located at 11328 SE Kent-Kangley Road Apt. D-206, Kent, Washington 98030 on or about October 28, 2015.

17. On May 23, 2016, American Management Services Northwest, LLC ("AMSN") filed an unlawful detainer action against Plaintiffs Moore and Shaw under King County Superior Court case number 16-2-11964-6 KNT.

18. AMSN served Plaintiffs Moore and Shaw with the summons and complaint in the eviction action on May 27, 2016 via alternative service.

19. AMSN also served Plaintiffs Moore and Shaw with a "Statement Requirement" document pursuant to RCW 59.18.375. The document provided that Plaintiffs Moore and Shaw must either (1) pay the full amount of rent that AMSN alleged they owed into the court registry, which was $3,300; or (2) file written statements signed and sworn under penalty of perjury that set forth reasons as to why they did not owe the rent AMSN claimed was due.

20. Plaintiffs Moore and Shaw did not have the ability to pay the money AMSN alleged they owed. Moreover, Plaintiffs Moore and Shaw could not sign a declaration alleging that they did not owe the money claimed by AMSN. Therefore, Plaintiffs Moore and Shaw took neither such action. However, Plaintiffs Moore and Shaw did file a response to the summons and complaint in the unlawful detainer action.

21. Because Plaintiffs Moore and Shaw did not take one of the two actions required by the Statement Requirement document, a writ of restitution was issued pursuant to RCW 59.18.375. On June 23, 2016, the King County Sheriff's Office served the writ of restitution without any further notice to Plaintiffs Moore and Shaw and before Plaintiffs Moore and Shaw had received a hearing. The writ of restitution instructed Plaintiffs Moore and Shaw that they must vacate the premises before midnight on June 28, 2016. The writ failed to inform Plaintiffs Moore and Shaw of any right to a hearing before the eviction.

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF - 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

22. Plaintiffs Cherrelle Davis and Nina Davis moved into the property located at 34009 1st Circle South #B, Federal Way, Washington 98003 on or about August 3, 2015.

23. On June 1, 2016, Tecton Corporation ("Tecton") filed an unlawful detainer action against Plaintiffs Cherrelle Davis and Nina Davis under King County Superior Court case number 16-2-12954-4 KNT.

24. Tecton served Plaintiffs Cherrelle Davis and Nina Davis with the summons and complaint in the eviction action on June 4, 2016 via alternative service.

25. Tecton also served Plaintiffs Cherrelle Davis and Nina Davis with a "Statement Requirement" document pursuant to RCW 59.18.375. The document provided that the Davises must either (1) pay the full amount of rent that Tecton alleged they owed into the court registry, which was $2,380; or (2) file written statements signed and sworn under penalty of perjury that set forth reasons as to why they did not owe the rent Tecton claimed was due.

26. Plaintiffs Cherrelle Davis and Nina Davis did not have the ability to pay the money Tecton alleged they owed. Moreover, they could not sign a declaration alleging that they did not owe the money claimed by Tecton. Therefore, the Davises took neither such action. However, the Davises did submit a response to the summons and complaint to Tecton on June 13, 2016 and to Tecton's attorneys in the unlawful detainer action on June 15, 2016.

27. Because Plaintiffs Cherrelle Davis and Nina Davis did not take one of the two actions required by the Statement Requirement document, a writ of restitution was issued pursuant to RCW 59.18.375. On June 17, 2016, the King County Sheriff's Office served the writ of restitution without any further notice to Plaintiffs Cherrelle Davis and Nina Davis and before Plaintiffs Cherrelle Davis and Nina Davis had received a hearing. The writ of restitution instructed Plaintiffs Moore and Shaw that they must vacate the premises before midnight on June 23, 2016. The writ failed to inform Plaintiffs Cherrelle Davis and Nina Davis of any right to a hearing before the eviction.

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF - 5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ♦ FAX 206.319.5450
www.terrellmarshall.com

28. On June 24, 2016, the King County Sheriff physically evicted Plaintiffs Cherrelle Davis and Nina Davis from their home. The Davises have been homeless since their eviction.

29. Defendants regularly serve tenants with writs of restitution issued pursuant to RCW 59.18.375. Specifically, Defendants serve these writs when tenants facing eviction cases have received a Statement Requirement document but have failed either to pay into the court registry the full amount allegedly owed or to file a sworn statement claiming that amount is not owed. Defendants routinely serve these writs of restitution before the tenants are provided an opportunity for a hearing. The writs require the tenants to vacate their rental homes within a specified period of time but fail to inform the tenants of any right to a hearing before the eviction.

30. Defendants have engaged, and continue to engage, in a common course of conduct whereby they serve tenants with writs of restitution issued pursuant to RCW 59.18.375 before the tenants have had an opportunity for a hearing.

31. Defendants' actions have affected and will affect the interests of Plaintiffs and Class members in the continued occupancy of their homes.

32. Plaintiffs and Class members face a significant risk that the right to occupy current or future rental property will be deprived without being afforded any opportunity for a hearing prior to such deprivation.

33. Plaintiffs and Class members further face a significant risk that the right to occupy current or future housing will be erroneously deprived as a result of the complicated and confusing procedures set forth in RCW 59.18.375. For example, tenants who respond to the summons and complaint in an eviction action but do not follow one of the procedures specified by RCW 59.18.375 often are unaware that no hearing will take place before a writ of restitution is issued and served. Likewise, tenants who pay money into the court registry or attest that such money is not owed are unaware that they must appear at a show-cause hearing scheduled under RCW 59.18.370 and are then found to be in default when they

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF - 6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

subsequently fail to appear. Because RCW 59.18.375 permits an eviction procedure without a hearing, the average tenant faces a real and substantial risk of being evicted even when the tenant has a meritorious defense to eviction.

34. The administrative burdens of providing Plaintiffs and Class members with a show cause hearing are minimal. For example, under the eviction procedures outlined in RCW 59.18.370, which provide for a different eviction process than RCW 59.18.375, a show cause hearing is scheduled and held prior to any deprivation of property.

35. The service on tenants of writs of restitution issued pursuant to RCW 59.18.375 therefore violates the due process clauses of the United States Constitution and the Washington State Constitution by depriving tenants of their right to housing without affording them a pre-deprivation hearing and creating a substantial risk that the right will be erroneously deprived.

## V. CLASS ACTION ALLEGATIONS

36. Plaintiffs Moore, Shaw, Cherrelle Davis, and Nina Davis bring this action pursuant to Civil Rule 23(a) and (b)(2) on behalf of themselves and all others similarly situated as members of the following proposed plaintiff class (the Class):

> All tenants who have been or will be served by the King County Sheriff's Office with a writ of restitution issued pursuant to RCW 59.18.375 on or after July 18, 2013.

37. The Class is so numerous that the individual joinder of all members is impracticable. In 2014, for example, a single law firm filed more than 1,000 eviction cases on behalf of landlords in which a Statement Requirement document was served on a tenant pursuant to RCW 59.18.375. On information and belief, a significant number of such cases were filed in King County. On information and belief, many other firms also file eviction cases in King County on behalf of landlords and use the RCW 59.18.375 eviction process.

38. There are questions of law and fact common to all members of the Class. These include but are not limited to the following:

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

a. Whether the service of a writ of restitution issued without a hearing pursuant to RCW 59.18.375 deprives Class members of their due process rights under the Fourteenth Amendment to the United States Constitution;

b. Whether the service of a writ of restitution issued without a hearing pursuant to RCW 59.18.375 deprives Class members of their due process rights under the Article I, Section 3 of the Washington State Constitution;

c. Whether Class members are entitled to declaratory and injunctive relief; and

d. Whether Class members are entitled to an award of nominal damages.

39. Plaintiffs' claims are typical of the claims of the members of the Class that Plaintiffs seek to represent. Each member of the Class was or will be served with a writ of restitution that was issued without a hearing pursuant to RCW 59.18.375, as were Plaintiffs. Because of Defendants' common course of conduct, Plaintiffs and Class members have had their due process rights violated because Plaintiffs and Class members were deprived of the opportunity for a hearing prior to the writ.

40. Plaintiffs will fairly and adequately protect the interests of the Class they seek to represent. There are no conflicts of interest between Plaintiffs and the members of the Class. Plaintiffs will vigorously prosecute this action on behalf of the Class. Plaintiffs are also represented by competent counsel who will vigorously prosecute the case on behalf of the Class.

41. Defendants are acting or refusing to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## VI. CLAIM FOR RELIEF
### Violation of the Fourteenth Amendment to the United States Constitution (42 U.S.C. § 1983) and Article I, Section 3 of the Washington State Constitution)

42. The allegations of paragraphs 1 through 41 above are incorporated herein.

43. The Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the Washington State Constitution prohibit depriving persons of their right to continued housing without affording them a pre-deprivation hearing.

44. Acting under color of law, Defendants violated and will continue to violate the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the Washington State Constitution by engaging in a practice of serving tenants with writs of restitution issued without a hearing pursuant to RCW 59.18.375 and thereby creating a substantial risk that tenants' right to housing will be erroneously deprived.

45. Each Plaintiff and each Class member has a substantial, well-founded fear of being denied the constitutional right to a meaningful pre-deprivation hearing.

46. Unless enjoined by the Court, Defendants will continue to violate and cause violation of the constitutional rights of Plaintiffs and Class members.

47. Defendants' unconstitutional actions have caused and will continue to cause injury to Plaintiffs and Class members.

48. As a result of Defendants' unconstitutional actions, Plaintiffs and members of the Class are entitled to declaratory and injunctive relief and nominal damages, as well as an award of attorneys' fees and costs.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. For certification of the Class defined above;

B. For a declaration that RCW 59.18.375 is unconstitutional because it authorizes the issuance and service of writs of restitution before a hearing has taken place and creates a substantial risk that the right to housing will be erroneously deprived;

FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 9

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

C. For a declaration that the service of writs of restitution issued pursuant to RCW 59.18.375 by Defendants has violated and will continue to violate the rights of Plaintiffs and Class members under the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the Washington State Constitution because such writs have been and will be served before a hearing has taken place and have created and will continue to create a substantial risk that the right to housing will be erroneously deprived;

D. For preliminary and permanent injunctions prohibiting Defendants from serving and enforcing writs of restitution issued pursuant to RCW 59.18.375;

E. For nominal damages for Plaintiffs and all Class members who have been served with a writ of restitution issued pursuant to RCW 59.18.375;

F. For an award of Plaintiffs' attorneys' fees and costs; and

G. For such other and further relief as the Court may deem just and proper.

DATED this 18th day of July, 2016.

Respectfully submitted,

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Toby J. Marshall, WSBA #32726
 Toby J. Marshall, WSBA #32726
 Email: tmarshall@terrellmarshall.com
 Elizabeth A. Adams, WSBA # 49175
 Email: eadams@terrellmarshall.com
 936 North 34th Street, Suite 300
 Seattle, Washington 98103-8869
 Telephone: 206.816.6603
 Facsimile: 206.319.5450

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF - 10

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Rory O'Sullivan, WSBA #38487
Email: roryo@kcba.org
KING COUNTY BAR ASSOCIATION
HOUSING JUSTICE PROJECT
1200 Fifth Avenue, Suite 700
Seattle, Washington 98101
Telephone: 206.267.7019
Facsimile: 206.624.3117

*Attorneys for Plaintiffs*

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF - 11

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com