The Honorable Thomas S. Zilly
Without Oral Argument

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVA MOORE, BROOKE SHAW, CHERRELLE DAVIS, and NINA DAVIS, individually and on behalf of all others similarly situated,<br><br>                                   Plaintiffs,<br><br>vs.<br><br>JOHN URQUHART in his official capacity as KING COUNTY SHERIFF,<br><br>                                   Defendants. | No. 2:16-cv-01123-TSZ<br><br>**DEFENDANT SHERIFF JOHN URQUHART'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND MODIFY CAPTION**<br><br>*NOTE ON MOTION CALENDAR: October 28, 2016* |

## I.  IDENTITY OF PARTY AND RELIEF REQUESTED

Defendant King County Sheriff John Urquhart ("Sheriff"), in his official capacity, respectfully asks this Court to deny Plaintiffs' Motion for Leave to Amend Complaint and Modify Caption (hereinafter referred to "Plaintiffs' Motion").[1]  Because the same reasons that support dismissal of the current plaintiffs apply with equal force to the proposed new plaintiffs, the proposed amendment is futile.

---

[1] The Sheriff does not object to modifying the caption to omit reference to King County Sheriff's Office Civil Unit, as this Defendant was dismissed on September 21, 2016.

DEFENDANT SHERIFF JOHN URQUHART'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT AND MODIFY CAPTION
 [2:16-cv-01123-TSZ] - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

## II.   FACTS

To avoid redundancy, the Sheriff respectfully refers this Court to the facts set forth in the Sheriff's Motion to Dismiss Under Fed. R. Civ. P. 12(c).  Dkt. 11.

The Sheriff supplements with the facts below, which are gathered from Plaintiff's Motion and the pleadings on file with the King County Superior Court.  The Court may "take judicial notice of court filings and other matters of public record," especially when the court pleadings reflect prior litigation involving the same party.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

**1.   THE PROPOSED BETANCOURT PLAINTIFF:** ***AVENUE5 RESIDENTIAL, INC. V. ADELA BETANCOURT***, **NO. 16-2-14995-2 SEA.**

Adela Betancourt ("Betancourt") lived in rental housing at 14120 N.E. 183rd Street, #1-206, in Woodinville, Washington.[2]  (Plaintiffs' Motion at 4).  On June 23, 2016, Avenue5 Residential, Inc. ("Avenue5"), Betancourt's landlord, filed an unlawful detainer action against Betancourt under King County Superior Court Case No. 16-2-14995-2 SEA.  Ex. 1.  The complaint alleges that Betancourt had failed to pay rent when it was due.  *Id.*

Avenue5 also filed an Eviction Summons and a RCW 59.18.375 Notice that established July 8, 2016, as the deadline to either pay the rent owed into the court registry or "file a sworn statement that you do not owe the rent claimed due."[3]  The Eviction Summons provided the following written notice:

> If you want to defend yourself in this lawsuit, you must respond to the eviction complaint in writing on or before the deadline stated above.  You must respond in writing even if no case number has been assigned by the court yet.

---

[2] See attached Exhibit 1, Complaint for Unlawful Detainer, No. 16-2-14995-2 SEA.
[3] See attached Exhibit 2, No. 16-2-14995-2 SEA, sub nos. 3-4.

DEFENDANT SHERIFF JOHN URQUHART'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT AND MODIFY CAPTION
 [2:16-cv-01123-TSZ] - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   Ex. 2. Because Betancourt proved difficult to serve, Avenue5 obtained an order for alternative

2   service.[4]  Service was completed by certified mail on June 28, 2016.[5]

3   On July 12, 2016, Avenue5 filed a Motion and Declaration for Issuance of Writ of

4   Restitution.[6] The court subsequently signed an Order for Issuance of Writ of Restitution.[7] On

5   July 16, 2016, the Clerk of the Superior Court issued a Writ of Restitution, which ordered the

6   King County Sheriff to deliver possession of Betancourt's former apartment back to Avenue5.[8]

7   The language of the Order for Issuance of Writ of Restitution and the Writ of Restitution is

8   almost identical to same documents as those in the cases of Plaintiffs Moore and Davis.

9   On July 18, 2016, the Sheriff served the Writ by posting it on the door of Betancourt's

10  apartment. Ex. 7. On July 20, 2016, Betancourt and Avenue5 filed an Order Temporarily

11  Staying Writ of Restitution.[9]  The parties stipulated that if Betancourt vacated Avenue5's

12  property by July 31, 2016, Avenue5 would dismiss the unlawful detainer case with prejudice.

13  Ex. 8. Because Betancourt willingly vacated Avenue5's property, the Writ was not ultimately

14  executed. Ex. 7. The Sheriff's Return of Service, filed on August 4, 2016, noted that Betancourt

15  voluntarily surrendered possession of the premises. *Id*.

16  ///

17  ///

18  ///

19  ///

20

---

[4] See attached Exhibit 3, No. 16-2-14995-2 SEA, sub nos. 5-7.
[5] See attached Exhibit 4, No. 16-2-14995-2 SEA, sub no. 8.
[6] See attached Exhibit 5, No. 16-2-14995-2 SEA, sub no. 9.
[7] See attached Exhibit 6, No. 16-2-14995-2 SEA, sub no. 10.
[8] See attached Exhibit 7, No. 16-2-14995-2 SEA, sub no. 12.
[9] See attached Exhibit 8, No. 16-2-14995-2 SEA, sub no. 11.

DEFENDANT SHERIFF JOHN URQUHART'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT AND MODIFY CAPTION
 [2:16-cv-01123-TSZ] - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  **2.    THE PROPOSED SPENCER PLAINTIFF:** *EQUITY RESIDENTIAL MANAGEMENT LLC V. BEVERLEY SPENCER AND JERIELL SPENCER, NO. 16-2-19029-4 SEA*.

Beverly Spencer ("Spencer") lives in rental housing at 1301 First Avenue #420, Seattle, Washington.[10] (Plaintiffs' Motion at 5). On August 9, 2016, Spencer's landlord, Equity Residential Management LLC ("Equity"), filed a Complaint for Unlawful Detainer in King County Superior Court Case No. 16-2-19029-4 SEA. Ex. 9. The complaint alleges that Spencer had failed to pay rent when it was due. Ex. 9.

The Eviction Summons informed Spencer that she needed to respond to the lawsuit by 5:00 p.m. on August 23, 2016, and that failing to respond may cause Spencer to lose by default.[11] Equity also filed a RCW 59.18.275 Payment or Sworn Statement Requirement that is very similar to the one received by Betancourt.[12] The court allowed for alternative service, which was accomplished by certified mail on August 11, 2016.[13]

There is no response to the lawsuit from Spencer in the Superior Court file. On August 25, 2016, the Superior Court signed an Order for Issuance of a Writ of Restitution, and the language is almost identical to the same document in the cases for Plaintiffs Moore and Davis.[14] However, the Sheriff has not received a Writ in relation to this matter. Spencer's declaration indicates that she still lives at the same address as that at issue in the Equity lawsuit. (Declaration of Beverly Spencer, at ¶ 2). As such, this case is still pending in state court.

---

[10] See attached Exhibit 9, Complaint for Unlawful Detainer, No. 16-2-19029-4 SEA.
[11] See attached Exhibit 10, No. 16-2-19029-4 SEA, sub no. 3.
[12] See attached Exhibit 11, No. 16-2-19029-4 SEA, sub no. 4.
[13] See attached Exhibit 12, No. 16-2-19029-4 SEA, sub nos. 5-8.
[14] See attached Exhibit 13, No. 16-2-19029-4 SEA, sub nos. 9-10.

DEFENDANT SHERIFF JOHN URQUHART'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT AND MODIFY CAPTION
 [2:16-cv-01123-TSZ] - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

### III. ISSUE

Whether this Court should deny Plaintiffs' Motion for Leave to Amend Complaint and Modify Caption when the amendment would be futile, and in violation of the Rooker-Feldman and abstention doctrines?

### IV. LEGAL ARGUMENT

**A. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE ANY AMENDMENT WOULD BE FUTILE.**

The Federal Rules of Civil Procedure provide that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the decision whether to grant leave to amend is within the court's discretion, and the court can deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008), quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Generally, courts need not permit parties to amend their pleadings if amendment "would be an exercise in futility…" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). A denial of leave to amend will be affirmed if "it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *See Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

In the case at bar, Plaintiffs' Motion is futile because both of the proposed named plaintiffs suffer from the same defects as the current named plaintiffs. First, rather than challenging the statute on constitutional grounds, Betancourt entered a stipulation agreeing to

DEFENDANT SHERIFF JOHN URQUHART'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT AND MODIFY CAPTION
[2:16-cv-01123-TSZ] - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

vacate the premises.  Waiver is the intentional abandonment or relinquishment of a known right. *Mid-Town Ltd. Partnership v. Preston*, 69 Wn.App. 227, 233 (1993).  By opting to enter an agreement, through counsel, that stayed the Writ, Betancourt effectively waived any argument relating to the constitutionality of the Writ process.

Moreover, it is futile to add Betancourt to Plaintiffs' complaint because her claim is moot.  In these circumstances, the court can offer no meaningful remedy because the Writ has already issued and was executed.  "Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot." *Friends of The Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978).  Not only has the Writ process been completed, but Betancourt also entered into a stipulation where she agreed to vacate the premises in exchange for dismissal of the lawsuit against her.  "In order to retain ... a 'personal stake,' a class representative cannot release any and all interests he or she may have had in class representation through a private settlement agreement." *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1264 (9th Cir. 2010).  Because there is no active case or controversy, and because Betancourt entered an agreement to close her case, Plaintiffs' Motion should be denied.[15]

Second, any potential claim by either Betancourt or Spencer is barred by claim preclusion/*res judicata*.  "For purposes of determining the *res judicata* effect of a judgment, a 'cause of action' is not limited to those issues that were or might have been offered to sustain the claim; it is also deemed to comprise all defenses that were or might have been offered." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1233 (7th Cir. 1986).  Under *res judicata*, a defendant in

---

[15] Late on the day of this filing, the Sheriff learned from Equity's counsel that the Writ in Spencer's case was never served because Spencer paid her rent.  As such, she is not in danger of being evicted.

DEFENDANT SHERIFF JOHN URQUHART'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT AND MODIFY CAPTION
 [2:16-cv-01123-TSZ] - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

a writ action cannot become a plaintiff in a new action by raising a claim that was previously available as a defense, but not raised. *See, e.g., Hirsch v. Copenhaver*, 839 F. Supp. 1524, 1528 (D. Wyo. 1993), *aff'd*, 46 F.3d 1151 (10th Cir. 1995). Here, neither party filed a constitutional challenge in state court, nor did either party pursue appellate remedies. Because the state court proceeding offered a forum to raise their claims, *res judicata* bars Betancourt and Spencer's ability to proceed under § 1983.

Furthermore, federal courts do not have an obligation to grant declaratory judgment. *Leadsinger*, 512 F.3d at 533. The Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (quoting *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962)). If added as plaintiffs, Betancourt and Spencer would ask this Court for declaratory relief based on the Sheriff following facially-valid court orders. The same orders that the proposed plaintiffs had an opportunity to challenge and appeal in state court, but didn't. As set forth in the Sheriff's Motion to Dismiss, such an action fails to state a claim upon which relief can be granted. This basis alone provides this Court with grounds to deny Plaintiffs' Motion. *See Leadsinger*, 512 F.3d at 533.

**B.  PLAINTIFFS' AMENDMENT IS CONTRARY TO THE ROOKER-FELDMAN DOCTRINE AND THE ABSTENTION DOCTRINE.**

**1.  The Rooker-Feldman doctrine Prohibits Amending the Complaint to Add Betancourt.**

The Rooker-Feldman doctrine acts as a jurisdictional bar that precludes federal court review even if the complaint alleges that a state court's action was unconstitutional. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S. Ct. 1303, 1317, 75 L. Ed. 2d 206 (1983);

DEFENDANT SHERIFF JOHN URQUHART'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT AND MODIFY CAPTION
 [2:16-cv-01123-TSZ] - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   *Worldwide Church of God v. McNair,* 805 F.2d 888, 893 (9th Cir.1986) (barring Section 1983
2   action challenging state court decision on First Amendment grounds).  It stands for the basic
3   proposition that the proper method for challenging a state court judicial determination is by
4   appeal, not through resort to the federal district courts.

5   "[I]f a suit seeking damages for the execution of a judicial order is just a way to contest
6   the order itself, then the Rooker-Feldman doctrine is in play."  *Homola v. McNamara*, 59 F.3d
7   647, 651 (7th Cir. 1995).  Under the Rooker-Feldman doctrine, a losing party in state court is
8   barred from seeking "what in substance would be appellate review of the state judgment in a
9   United States district court, based on the losing party's claim that the state judgment itself
10  violates the loser's federal rights." *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting
11  *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

12  Here, review of Betancourt's claim is precluded by the Rooker-Feldman doctrine.[16]
13  Betancourt essentially alleges that the state court acted unconstitutionally in issuing the Writ of
14  Restitution, which is precisely the type of federal review of state court matters that the Rooker-
15  Feldman doctrine seeks to prevent.[17]  Because it is impossible to attack a state court order in
16  federal court, it is likewise impossible for Betancourt to attack the implementation of that order

---

[16] The Sheriff is precluded from challenging the *existing plaintiffs* under Rooker-Feldman because the Sheriff removed this case to federal court.  This does not mean, however, that this action should be permitted to become a wholesale intrusion on state court jurisprudence by adding additional plaintiffs or class members who fall squarely within the Rooker-Feldman bar. *See Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1036 (8th Cir. 1999) ("After removal, plaintiffs filed three amended complaints adding more named plaintiffs, more state law claims, and an express prayer by the interest overcharge class for relief from the state court deficiency judgments," but "the district court has no jurisdiction under *Rooker–Feldman* to alter or amend, or to order CAC to alter or amend, the state court deficiency judgments.").

[17] Both proposed plaintiffs appear to blame the Sheriff for the language in the Writ of Restitution; however, both proposed plaintiffs acknowledge that they received notice, via an RCW 59.18.375 Statement Requirement, that they must pay the rent owed or vacate the premises.  The language of the Writ is determined by the issuing court, not the Sheriff.

DEFENDANT SHERIFF JOHN URQUHART'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT AND MODIFY CAPTION
 [2:16-cv-01123-TSZ] - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

by suing the individual responsible for implementing the court's decision. *See Homola*, 59 F.3d at 651. As a result, Plaintiffs' Motion should be denied.

### 2. The Abstention Doctrine Bars Amending the Complaint to Add Spencer.

The *Younger* abstention doctrine, originally set forth by the Supreme Court, articulates a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41, 91 S. Ct. 746, 749, 27 L. Ed. 2d 669 (1971). "Abstention does not exist for the benefit of either of the parties but rather for the rightful independence of the state governments and for the smooth working of the federal judiciary." *Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir. 1999), *opinion amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999) (quoting *Railroad Comm'n v. Pullman Co.,* 312 U.S. 496, 501, 61 S.Ct. 643, 85 L.Ed. 971 (1941)).

Federal courts apply a three-part test to determine whether jurisdiction should be declined. *See Younger*, 401 U.S. at 41. These principles apply in an action for damages pursuant to 42 U.S.C. § 1983, where a federal plaintiff brings a constitutional challenge to a state proceeding, when (1) that proceeding is ongoing; (2) the state proceeding is of a judicial nature, implicating important state interests; and (3) the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding. *Washington v. Los Angeles Cty. Sheriff's Dep't*, 13-56647, 2016 WL 4254981, at *7 (9th Cir. Aug. 12, 2016).

In the case at hand, the abstention doctrine clearly prohibits adding Spencer to the complaint as all three *Younger* factors are satisfied. An Order for Issuance of Writ of Restitution was signed by the state court, but Spencer does not allege that the Writ of Restitution has been served. Rather, she still lives in the property that is the subject of the Writ. Next, Spencer's case

DEFENDANT SHERIFF JOHN URQUHART'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT AND MODIFY CAPTION
 [2:16-cv-01123-TSZ] - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

involves a state court proceeding concerning the state's interest in the Sheriff faithfully executing facially valid court orders.  Finally, Spencer is free to litigate any constitutional objection to the writ process in state court.  As such, the complaint cannot be amended to include Spencer. [18]

For the foregoing reasons, Defendant Sheriff Urquhart respectfully requests that this Court stay the Motion for Class Certification pending the outcome of the Sheriff's motion to dismiss.

Dated this 24th day of October, 2016.

>DANIEL T. SATTERBERG
>King County Prosecuting Attorney
>
>By: *s/ David J. Hackett*
>DAVID HACKETT, WSBA #21236
>Senior Deputy Prosecuting Attorney
>
>By: *s/ Mari K. Isaacson*
>MARI K. ISAACSON, WSBA #42945
>Deputy Prosecuting Attorney
>King County Prosecuting Attorney's Office
>500 Fourth Avenue, Suite 900
>Seattle, WA  98104
>Telephone:  (206) 296-8820 / Fax:  (206) 296-8819
>Email:   david.hackett@kingcounty.gov
>Email:   mari.isaacson@kingcounty.gov

---

[18] Even in the absence of removal, any action challenging the Writ process in parallel to the Writ action would have been barred by Washington's priority of action doctrine. *American Mobile Homes of Washington, Inc. v. Seattle-First National Bank*, 115 Wn.2d 307, 320-21, 796 P.2d 1276 (1990); *Bunch v. Nationwide Mut. Ins. Co.*, 180 Wn. App. 37, 41, 321 P.3d 266 (2014) (internal citations omitted).  Similar to abstention doctrines, Washington does not allow multiple causes of action addressed to the same subject matter.

DEFENDANT SHERIFF JOHN URQUHART'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT AND MODIFY CAPTION
 [2:16-cv-01123-TSZ] - 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

## DECLARATION OF FILING AND SERVICE

I hereby certify that on October 24, 2016, I electronically filed the foregoing **Defendant Sheriff John Urquhart's Opposition to Plaintiffs' Motion for Leave to Amend Complaint and Modify Caption** along with the **[Proposed] Order** with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Toby J. Marshall
Elizabeth A. Adams
Terrell Marshall Law Group, PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103-8869
(206) 816-6603
tmarshall@terrellmarshall.com
eadams@terrellmarshall.com

Rory O'Sullivan
Housing Justice Project
King County Bar Association
1200 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 267-7019
roryo@kcba.org

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 24th day of October, 2016 at Seattle, Washington.

*/s/ Nyree V. Ellenberg*
NYREE V. ELLENBERG
Legal Secretary, Litigation Section
Email: nyree.ellenberg@kingcounty.gov
DEFENDANT SHERIFF JOHN URQUHART'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT AND MODIFY CAPTION
[2:16-cv-01123-TSZ] - 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819