THE HONORABLE THOMAS S. ZILLY

1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7    EVA MOORE, BROOKE SHAW, CHERRELLE
     DAVIS and NINA DAVIS, individually and on
8    behalf of all others similarly situated,

9                             Plaintiffs,

10                    v.

11

12   JOHN URQUHART in his official capacity as
     KING COUNTY SHERIFF, KING COUNTY
13   SHERIFF'S OFFICE CIVIL UNIT,

14                             Defendants.

15

NO. 2:16-cv-01123-TSZ

**PLAINTIFFS' OPPOSITION TO DEFENDANT
SHERIFF JOHN URQUHART'S MOTION TO
DISMISS UNDER FED. R. CIV. P. 12(c)**

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C)
CASE NO. 2:16-CV-01123-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF CONTENTS**

Page

I.     INTRODUCTION ........................................................................................... 1

II.    STATEMENT OF FACTS.............................................................................. 2

III.   ARGUMENT AND AUTHORITY ................................................................. 3

       A.   Defendant Urquhart is the proper defendant in this case because he is
            acting on behalf of the state of Washington when serving writs
            of restitution ..................................................................................... 3

       B.   Defendant is not immune from suits for injunctive and declaratory relief ....... 7

            1.   Defendant is only immune from claims for compensatory
                 and punitive damages ........................................................... 7

            2.   Defendant is not immune from claims for injunctive relief under
                 section 1983 because he is not a quasi-judicial official ..................... 10

            3.   At a minimum, Plaintiffs are entitled to pursue their claims for
                 declaratory relief ................................................................... 11

            4.   Defendant is not immune from claims for nominal damages under
                 section 1983 ........................................................................ 12

       C.   Abstention is not a bar to Plaintiffs' claims........................................ 13

       D.   Plaintiffs need not establish *Monell* liability because they have not sued
            Defendant in his capacity as a county official .................................... 14

       E.   Plaintiffs' Moore and Shaw have not waived their claims against Defendant
            Urquhart .............................................................................................. 15

       F.   The claims of the Davis Plaintiffs are not barred by res judicata.................... 16

       G.   Plaintiffs may litigate the claims against Defendant Urquhart because
            Defendant's illegal conduct is capable of repetition while evading review
            and the proposed class is inherently transitory ................................ 19

IV.    CONCLUSION ............................................................................................ 21

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - i
CASE NO. 2:16-CV-01123-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## TABLE OF AUTHORITIES

Page

### STATE CASES

*Brinkman v. Drolesbaugh*,
    119 N.E. 451 (1918) ................................................................. 8, 9

*Carlstrom v. Hanline*,
    98 Wn. App. 780, 990 P.2d 986 (2000)............................................. 1

*Hayes v. City of Seattle*,
    131 Wn.2d 706, 934 P.2d 1179 (1997) ........................................... 18

*Heath v. Halfhill*,
    76 N.W. 522 (Iowa 1898) ............................................................ 9

*Jones v. Best*,
    134 Wn.2d 232, 950 P.2d 1 (1998) ............................................... 15

*Leda v. Whisnand*,
    150 Wn. App. 69, 207 P.3d 468 (2009)........................................... 1

*Rains v. State*,
    100 Wn. 2d 660, 674 P.2d 165 (1983) ........................................... 18

*Rice v. Miller*,
    8 S.W. 317 (1888) ...................................................................... 9

*Spokane Research & Def. Fund v. City of Spokane*,
    155 Wn. 2d 89, 117 P.3d 1117 (2005) ........................................... 18

*State v. Gorham*,
    110 Wn. 330, 188 P. 457 (1920) .................................................... 5

*Watson v. Watson*,
    9 Conn. 140 (Conn. 1832) ............................................................ 9

*Whatcom Cnty. v. State*,
    99 Wn. App. 237, 993 P.2d 273 (2000)........................................... 5

### FEDERAL CASES

*Acheson v. Idaho Comm'n for Pardons & Parole*,
    234 F.3d 1276 (9th Cir. 2000) ..................................................... 13

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Antoine v. Byers & Anderson, Inc.*,
  508 U.S. 429 (1993) ................................................................................... 7

*Ash v. City of Clarksville*,
  No. 3:03-0380, 2004 WL 5913273 (M.D. Tenn. Sept. 3, 2004) ................................... 14

*Bogan v. Scott-Harris*,
  523 U.S. 44 (1998) ....................................................................................... 8

*Brown v. Ticor Title Ins. Co.*,
  982 F.2d 386 (9th Cir. 1992) ....................................................................... 17

*Buffin v. San Francisco*,
  15-cv-04959-YGR, 2016 WL 6025486 (N.D. Cal. Oct. 14, 2016) ................................... 6

*Burns v. Reed*,
  500 U.S. 478 (1991) ............................................................................... 7, 8

*Chaloux v. Killeen*,
  886 F.2d 247 (9th Cir. 1989) ................................................................... 4, 5, 6

*Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*,
  196 F.3d 1011 (9th Cir. 1999) ...................................................................... 17

*Coverdell v. Dep't of Soc. & Health Servs.*,
  834 F.2d 758 (9th Cir. 1987) ...................................................................... 10

*Cnty. of Riverside v. McLaughlin*,
  500 U.S. 44 (1991) ................................................................................... 21

*Cummings v. Connell*,
  402 F.3d 936 (9th Cir. 2005) ...................................................................... 12

*Cummings v. Husted*,
  795 F. Supp. 2d 677 (S.D. Ohio 2011) ............................................................. 14

*Dahlz v. San Mateo*,
  6 Fed. Appx. 575 (9th Cir. 2001) ................................................................. 15

*Engebretson v. Mahoney*,
  724 F.3d 1034 (9th Cir. 2013) ...................................................................... 10

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Erskine v. Hohnbach*,
    81 U.S. 613 (1871) ............................................................................................ 9

*Eugster v. Washington State Bar Ass'n.*,
    No. CV 09-357-SMM, 2010 WL 2926237 (E.D. Wash. July 23, 2010) ......................... 11

*Ex parte Commonwealth of Virginia*,
    100 U.S. 339 (1879) ........................................................................................ 8

*Ex parte Young*,
    209 U.S. 123 (1908) ................................................................................. 4, 5, 6

*Finberg v. Sullivan*,
    634 F.2d 50 (3d Cir. 1980) ......................................................................... 5, 6, 11

*Flint v. Dennison*,
    488 F.3d 816 (9th Cir. 2007) .......................................................................... 20

*Forrester v. White*,
    484 U.S. 219 (1988) ........................................................................................ 13

*Fuentes v. Shevin*,
    407 U.S. 67 (1972) .......................................................................................... 1

*Gerstein v. Pugh*,
    420 U.S. 103 (1975) ........................................................................................ 20

*Gonzales-Quezada v. Hayden*,
    C09-1469-JCC, 2010 WL 101323 (W.D. Wash. Jan. 7, 2010) ........................................ 11

*Greenpeace Action v. Franklin*,
    14 F.3d 1324 (9th Cir. 1992) .......................................................................... 20

*Hansberry v. Lee*,
    311 U.S. 32 (1940) .......................................................................................... 17

*Henry v. Farmer City State Bank*,
    808 F.2d 1228 (7th Cir. 1986) .................................................................. 10, 13, 18, 19

*Hirsch v. Copenhaver*,
    839 F. Supp. 1524 (D. Wyo. 1993) ...................................................................... 19

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Huminski v. Corsones,*
    386 F.3d 116 (2d Cir. 2004) ......................................................................... 5

*Imbler v. Pachtman,*
    424 U.S. 409 (1976) ........................................................................... 7, 8, 11

*In re Palmdale Hills Prop., LLC,*
    654 F.3d 868 (9th Cir. 2011) ..................................................................... 19

*Kalina v. Fletcher,*
    522 U.S. 118 (1997) ..................................................................................... 8

*Kampfer v. Scullin,*
    989 F. Supp. 194 (N.D.N.Y. 1997) ........................................................... 10

*Kenny A. ex rel Winn v. Perdue,*
    218 F.R.D. 277 (N.D. Ga. 2003) ............................................................... 14

*Kentucky v. Graham,*
    473 U.S. 159 (1985) ................................................................................... 14

*Kremer v. Chemical Const. Corp.,*
    456 U.S. 461 (1982) ........................................................................... 17, 18

*Lapides v. Bd. of Regents of the Univ. Sys. of Ga.,*
    535 U.S. 613 (2002) ................................................................................... 14

*Lincoln Prop. Co. v. Roche,*
    546 U.S. 81 (2005) ..................................................................................... 16

*Logan v. U.S. Bank Nat'l Ass'n,*
    722 F.3d 1163 (9th Cir. 2013) ................................................................... 13

*Lopez v. Smith,*
    203 F.3d 1122 (9th Cir. 2000) ................................................................... 21

*Los Angeles Cnty. v. Humphries,*
    562 U.S. 29 (2010) ....................................................................................... 4

*Lyons v. Bisbee,*
    No. 3:07-CV-460-LRHRAM, 2009 WL 801824 (D. Nev. Feb. 10, 2009) ........................ 12

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Malley v. Briggs*,
    475 U.S. 335 (1986) ................................................................................ 8

*Mays v. Sudderth*,
    97 F.3d 107 (5th Cir. 1996) .................................................................... 9

*McMillian v. Monroe Cnty.*,
    520 U.S. 781 (1997) ................................................................................ 4

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*,
    457 U.S. 423 (1982) .............................................................................. 13

*Miller v. Gammie*,
    335 F.3d 889 (9th Cir. 2003) ................................................................. 8

*Monell v. New York City Dept. of Soc. Servs.*,
    436 U.S. 658 (1978) .............................................................................. 14

*Mullis v. U.S. Bankr. Court for Dist. of Nev.*,
    828 F.2d 1385 (9th Cir. 1987) ............................................................. 11

*Nelson v. Walsh*,
    60 F. Supp. 2d 308 (D. Del. 1999) ................................................. 10, 14

*Pierson v. Ray*,
    386 U.S. 547 (1967) ................................................................................ 8

*Ramirez v. Galaza*,
    334 F.3d 850 (9th Cir. 2003) ............................................................... 21

*Rehberg v. Paulk*,
    132 S. Ct. 1497 (2012) ........................................................................... 7

*Ryan v. State Bd. of Elections of State of Ill.*,
    661 F.2d 1130 (7th Cir. 1981) ............................................................. 13

*Sharkey v. O'Neal*,
    778 F.3d 767 (9th Cir. 2015) ................................................................. 3

*Swenson v. Cty. of Kootenai*,
    No. 2:13-CV-00026-EJL, 2014 WL 585726 (D. Idaho Feb. 14, 2014) ............................ 12

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Shipley v. First Fed. Sav. & Loan Ass'n of Del.*,
  619 F. Supp. 421 (D. Del. 1985) ................................................................. 15

*Sosna v. Iowa*,
  419 U.S. 393 (1975) ...................................................................................... 20

*Strickland v. Alexander*,
  772 F.3d 876 (11th Cir. 2014) ............................................................... 20, 21

*Sutton v. Providence St. Joseph Med. Ctr.*,
  192 F.3d 826 (9th Cir. 1999) ....................................................................... 16

*U.S. Parole Comm'n v. Geraghty*,
  445 U.S. 388 (1980) ...................................................................................... 21

*Von Brincken v. Royal*,
  No. 2:12–cv–2599–MCE–CKD PS, 2013 WL 211245 (E.D.Cal., Jan. 10, 2013) .............. 10

*Wade v. Kirkland*,
  118 F.3d 667 (9th Cir. 1997) ................................................................... 20, 21

*Will v. Michigan Dep't of State Police*,
  491 U.S. 58 (1989) .......................................................................................... 5

*Yellen v. Hara*,
  CV 15-00300 JMS-KSC, 2015 WL 8664200 (D. Haw. Dec. 10, 2015) .......................... 13

*Younger v. Harris*,
  401 U.S. 37 (1971) ........................................................................................ 13

**STATE STATUTES**

Ala. Code §§ 36-22-3(1) .......................................................................................... 4

Ala. Code § 36-22-3(4) ............................................................................................. 5

RCW 36.28.010 ......................................................................................................... 4

RCW 36.28.020 ................................................................................................. 5, 11

RCW 59.18.375 ............................................................................................. *passim*

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**FEDERAL STATUTES**

42 U.S.C. § 1983 ............................................................................................ 7, 10, 16

**FEDERAL RULES**

Fed. R. Civ. Proc. 12(b)(6) ................................................................................... 3

U.S. Court of Appeals Ninth Circuit Rule 36-3 ........................................................ 13

**OTHER AUTHORITIES**

U.S. Const. amend. XIV, § 1 ................................................................................. 1

Wash. Const. art. I, § 3 ....................................................................................... 1

Thomas M. Cooley,
        A Treatise on the Law of Torts § 65 (1930) .................................................. 8

Mechem, Floyd R.,
        A Treatise on the Law of Public Offices and Officers, § 657 (1890) ................. 8, 11

13D Charles Alan Wright et al.,
        Fed. Prac. & Proc. Juris. § 3575.3 (3d ed. 2016 Update) ................................. 9

16 J. Moore et al.,
        *Moore's Federal Practice* § 107.14[2][c] (3d ed. 2005) ................................ 16

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

### I.  INTRODUCTION

2     No person may be deprived of life, liberty, or property without due process of law.  *See*

3  U.S. Const. amend. XIV, § 1; Wash. Const. art. I, § 3.  "Both the United States Constitution and

4  the Washington Constitution require, at a minimum, that a defendant subject to an action for

5  unlawful detainer be afforded a 'meaningful opportunity to be heard.'"  *Leda v. Whisnand*,

6  150 Wn. App. 69, 83, 207 P.3d 468 (2009) (quoting *Carlstrom v. Hanline*, 98 Wn. App. 780,

7  790, 990 P.2d 986 (2000)); *see also Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) ("The

8  constitutional right to be heard is a basic aspect of the duty of government to follow a fair

9  process of decisionmaking when it acts to deprive a person of his possessions.").  "[The] law

10  simply does not countenance eviction of people from their homes without first affording them

11  some opportunity to present evidence in their defense."  *Leda*, 150 Wn. App. at 83; *see also*

12  *Fuentes*, 407 U.S. at 80.

13     Defendant John Urquhart, the Sheriff of King County, Washington, is violating the

14  constitutional rights of tenants by regularly having his deputies serve the tenants with writs of

15  restitution issued pursuant to RCW 59.18.375 before the tenants are provided an opportunity

16  for a hearing.  These writs require the tenants to vacate their homes within a short, specified

17  period of time, and evictions routinely result.  As a state actor obligated in his official capacity

18  to serve and execute the writs, Defendant Urquhart has deprived hundreds (if not thousands)

19  of King County tenants of the right to a hearing before their housing is taken away.  Further,

20  the confusing and complicated eviction procedure set out in RCW 59.18.375 creates a

21  substantial risk that when Defendant Urquhart has his deputies serve a tenant with a writ of

22  restitution, the tenant's right to housing will be erroneously deprived.  Defendant Urquhart's

23  conduct thus violates the Due Process Clause of the Fourteenth Amendment to the United

24  States Constitution and Article I, Section 3 of the Washington State Constitution.

25     Defendant Urquhart moves to dismiss on multiple grounds, but all of them fail.  First, it

26  has long been recognized that a sheriff who serves and executes writs is the proper defendant

27

---

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - 1
CASE NO. 2:16-CV-01123-TSZ

1  for a lawsuit challenging the constitutionality of those writs.  Second, the immunity to which

2  Defendant is entitled applies only to claims for compensatory and punitive damages, neither

3  of which are being pursued in this case.  Third, abstention is unwarranted as the unlawful

4  detainer actions brought against Plaintiffs are no longer pending, those actions do not

5  implicate important state interests, and Defendant gave up any such defense by removing this

6  case to federal court.  Fourth, Plaintiffs need not establish municipal liability because they

7  have not sued Defendant in his capacity as a county official.  Fifth, Plaintiffs Moore and Shaw

8  did not waive their claims against Defendant by resolving the dispute with their landlord over

9  rent and occupancy.  Sixth, the claims of the Davis Plaintiffs are not barred by res judicata

10  because the Davises were denied due process when served with the writ and evicted from

11  their home, and the unlawful detainer action involved different parties and different claims.

12  Finally, Plaintiffs are entitled to litigate the claims against Defendant Urquhart because

13  Defendant's illegal conduct is capable of repetition while evading review and the proposed

14  class is inherently transitory.

15    Plaintiffs respectfully ask the Court to deny Defendant Urquhart's motion to dismiss.

16    ## II.  STATEMENT OF FACTS

17    Plaintiffs Eva Moore, Brooke Shaw, Cherrelle Davis, and Nina Davis ("Plaintiffs") bring

18  this lawsuit on behalf of themselves and a proposed class of tenants that have been or will be

19  served by the King County Sheriff's Office with a writ of restitution issued pursuant to RCW

20  59.18.375 on or after July 18, 2013.  Dkt. # 1-1 ¶ 36.  Each Plaintiff was sued as a tenant in an

21  unlawful detainer action in King County Superior Court.  *Id.* ¶¶ 17, 23.  The landlord who

22  brought the suit served the tenant with a summons and complaint as well as a "Statement

23  Requirement" document pursuant to RCW 59.18.375.  *Id.* ¶¶ 19, 25.  The Statement

24  Requirement provided that the tenant must either (1) pay into the court registry the full

25  amount of rent the landlord alleged was owed; or (2) file a written statement signed and

26  sworn under penalty of perjury that set forth reasons as to why the tenant did not owe the

27

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - 2
CASE NO. 2:16-CV-01123-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   rent the landlord claimed was due.  *Id.*  None of the Plaintiffs had the ability to pay the money

2   that was allegedly owed to the landlord.  *Id.* ¶¶ 20, 26.  Moreover, none were able to sign a

3   declaration alleging the money claimed by the landlord was not owed.  *Id.*  As a result, the

4   King County Superior Court authorized the issuance of a writ of restitution under RCW

5   59.18.375 with respect to each Plaintiff.  *Id.* ¶¶ 21, 27.

6        Defendant John Urquhart is the Sheriff of King County, Washington.  *Id.* ¶ 13.

7   Defendant had his deputies serve each Plaintiff with the writ of restitution that the King

8   County Superior Court had issued.  *Id.* ¶¶ 21, 27.  Defendant also had his deputies

9   subsequently evict Plaintiffs Cherrelle Davis and Nina Davis from their home.  *Id.* ¶ 28.

10       This conduct is routine, as Defendant Urquhart has his deputies regularly serve tenants

11   with writs of restitution issued pursuant to RCW 59.18.375.  *Id.* ¶ 29.  The deputies serve the

12   writs when tenants facing eviction cases have received a Statement Requirement document

13   but have failed either to pay the full amount allegedly owed or file a sworn statement claiming

14   the amount is not owed.  *Id.*  It is common for the deputies to serve the writs on tenants

15   before the tenants are provided an opportunity for a hearing.  *Id.*  The writs require the

16   tenants to vacate their rental homes within a specified period of time but fail to inform the

17   tenants of any right to a hearing before the eviction.  *Id.*

18       The foregoing facts are undisputed for purposes of Defendant's motion.[1]

### III.  ARGUMENT AND AUTHORITY

20   **A.    Defendant Urquhart is the proper defendant in this case because he is acting
          on behalf of the state of Washington when serving writs of restitution.**

21

22       More than 100 years ago, the United States Supreme Court ruled that an official is a

23   proper defendant in a suit challenging the constitutionality of a state law if, by virtue of his

24   office, the official has "some connection" with the enforcement of the law and is acting on

25   ────────────────

26   [1] *See Sharkey v. O'Neal*, 778 F.3d 767, 768-69 n.1 (9th Cir. 2015) ("In reviewing a motion to dismiss pursuant to
       Rule 12(b)(6), [the court] must accept as true all factual allegations in the complaint and draw all reasonable
       inferences in favor of the nonmoving party.").

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   behalf of the state.  *Ex parte Young*, 209 U.S. 123, 156-57 (1908); *see also Chaloux v. Killeen*,

2   886 F.2d 247, 251 (9th Cir. 1989) (referring to *Ex parte Young* as "the seminal decision on suits

3   to restrain the enforcement of allegedly unconstitutional laws"), *overruled on other grounds*

4   *by Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 33-34 (2010).  Here it is undisputed that

5   Plaintiffs are challenging the constitutionality of RCW 59.18.375 and that Plaintiffs' claims

6   arise out of Defendant Urquhart's actions as a law enforcement officer in the service and

7   execution of writs issued under that statute.  Thus, to determine whether the doctrine of *Ex*

8   *parte Young* applies to this case, the Court must assess whether Defendant Urquhart is acting

9   on behalf of the state of Washington when engaging in those actions.  The answer is yes.

10          In *McMillian v. Monroe Cnty.*, the Supreme Court held that "Alabama sheriffs, when

11   executing their law enforcement duties, represent the State of Alabama, not their counties."

12   520 U.S. 781, 793 (1997).  This conclusion turned on an analysis of Alabama state law, which

13   defines the functions and duties of sheriffs in a manner similar to Washington law.  For

14   example, in Alabama "a sheriff must 'attend upon' the state courts in his county, must 'obey

15   the lawful orders and directions' of those courts, and must 'execute and return the process

16   and orders' of any state court, even those outside his county."  *Id*. at 789 (quoting Ala. Code

17   §§ 36-22-3(1), (2) (1991)).  The same is true in this state.  Washington sheriffs must "attend

18   the sessions of the courts of record held within the county, and obey their lawful orders or

19   directions."  RCW 36.28.010(5).  Likewise, Washington sheriffs must "execute the process and

20   orders of the courts of justice or judicial officers, when delivered for that purpose, according

21   to law."  RCW 36.28.010(2).

22          Sheriffs in Alabama are also obligated to enforce the law:

23              It shall be the duty of sheriffs in their respective counties, by themselves
                or deputies, to ferret out crime, to apprehend and arrest criminals and,
24              insofar as within their power, to secure evidence of crimes in their
                counties and to present a report of the evidence so secured to the
25              district attorney or assistant district attorney for the county.

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    *McMillian*, 520 U.S. at 790 (quoting Ala. Code § 36-22-3(4)).  The *McMillian* Court found this

2    statutory authority to be the "most important[]" because the plaintiff's suit against the sheriff

3    was based on the sheriff's conduct in the apprehension and arrest of the plaintiff.  *Id*. at 783-

4    84.[2]

5         In this case, Washington law obligates Defendant Urquhart to "serve or execute,

6    according to law, all process, writs, precepts, and orders, issued by lawful authority."  RCW

7    36.28.020; *see also State v. Gorham*, 110 Wn. 330, 331, 188 P. 457 (1920) ("By statute also it is

8    made [the sheriff's] duty to keep the public peace, and to arrest and confine all persons who

9    commit violations of the law, and especially is it made his duty to execute all process issued to

10   him by a court of justice.  His duties in these respects are public duties necessary to the safety

11   of the state and its people . . . .").  Thus, Defendant is acting on behalf of the state of

12   Washington as it relates to the conduct Plaintiffs are challenging:  the service and execution of

13   writs of restitution issued under RCW 59.18.375.[3]

14        Courts have reached the same conclusion in analogous cases, including the Ninth

15   Circuit and district courts within the Ninth Circuit.  *See, e.g.*, *Chaloux*, 886 F.2d at 251-52

16   ("Because [the sheriffs] had the statutory duty to enforce and administer allegedly

17   unconstitutional state statutes, the performance of their duties had the same effect on

18   appellants' rights that the Court found critical in *Ex parte Young*."); *Huminski v. Corsones*, 386

19   F.3d 116, 135 (2d Cir. 2004) ("Sheriff Elrick was a state official with regard to his involvement

20   in the events related to the issuance of the trespass notices."); *Finberg v. Sullivan*, 634 F.2d 50,

21   51-52 (3d Cir. 1980) (holding sheriff's service of writ on plaintiff "had the same effect on the

22   ───────────────

     [2] In holding that Alabama sheriffs sometimes act on behalf of the state, the *McMillian* Court also noted that
23   sheriffs are constitutionally members of the state executive department.  520 U.S. at 787.  This fact, however, is
     not dispositive.  The Washington Court of Appeals, for example, has concluded that a county official may still be
24   considered a state actor even if the official is not listed in the Washington State Constitution as a member of the
     executive department.  *Whatcom Cnty. v. State*, 99 Wn. App. 237, 249, 993 P.2d 273 (2000) ("Mere labels are not
25   determinative, and 'county officials' may sometimes act for the State despite the county label.").

     [3] Although the Supreme Court has held that state actors are generally not considered "persons" under section
26   1983, that holding is inapplicable to a state actor sued in his official capacity for declaratory and injunctive relief.
     *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (citing *Ex parte Young*, 209 U.S. at 159-60).

27

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - 5
CASE NO. 2:16-CV-01123-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    plaintiff's rights that the Supreme Court found critical in Ex Parte Young"); *Buffin v. San*

2    *Francisco*, 15-cv-04959-YGR, 2016 WL 6025486, at *9 (N.D. Cal. Oct. 14, 2016) ("[D]efendant

3    Sheriff Hennessey acts on behalf of the State when she detains a person based on his or her

4    inability to pay the bail amount prescribed in the bail schedule as set by the Superior Court.").

5        In *Chaloux*, for example, the plaintiffs sued county sheriffs in their official capacities

6    under section 1983, alleging Idaho's statutory scheme of post-judgment execution and

7    garnishment deprived them of property without due process.  886 F.2d at 248-49.  The district

8    court held that the plaintiffs failed to name the proper officials to defend Idaho's statutes and

9    dismissed the action.  *Id*.  The Ninth Circuit reversed.  *Id*.  In determining whether the sheriffs

10   "were the proper defendants in th[e] case," the Court of Appeals first noted that the sheriffs

11   were statutorily obligated "to serve writs of execution and notices of garnishment" on

12   plaintiffs and "ha[d] the sole duty to enforce those laws."  *Id*. at 251.  As such, the actions of

13   the sheriffs "caused the constitutional violations complained of."  *Id*. at 252.

14       The same conclusion was reached by the Third Circuit in *Finberg*, where the plaintiff

15   sued a sheriff under section 1983 because the sheriff had served an allegedly unconstitutional

16   garnishment writ on the bank where the plaintiff kept her accounts.  634 F.2d at 51-52.  With

17   respect to the sheriff's status as a defendant, the appellate court concluded that the doctrine

18   of *Ex parte Young* applied because the sheriff's service of the writ was an immediate cause of

19   the attachment and freezing of the plaintiff's bank accounts.  *Id*. at 54.  Thus, if the rules

20   under which the sheriff was executing the writ were unconstitutional, then the sheriff's

21   actions caused an injury to the plaintiff's legal rights.  *Id.*  "This conclusion is not altered by the

22   fact that the duties of . . . the sheriff are entirely ministerial."  *Id.*

23       Sheriff Urquhart is a proper defendant in this action.  The assertion that he has "no

24   dog in the hunt" is wrong.  Because the Sheriff relied on the authority conferred by

25   Washington law to work an injury on Plaintiffs, he may not disclaim interest in the

26   constitutionality of that law.  *See id.*

27

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - 6
CASE NO. 2:16-CV-01123-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**B.      Defendant is not immune from suits for injunctive and declaratory relief.**

"Title 42 U.S.C. § 1983 provides that '(e)very person' who acts under color of state law to deprive another of a constitutional right shall be answerable to that person in a suit for damages." *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983).  Although section 1983 on its face does not include any defense of immunity, the Supreme Court "has long recognized that the statute was not meant to effect a radical departure from ordinary tort law and the common-law immunities applicable in tort suits." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1502 (2012).

To determine the scope of immunities available under section 1983, courts follow a "functional approach" and undertake "a considered inquiry into the immunity historically accorded the relevant official at common law and the interests behind it." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432 (1993) (citation omitted).  Courts do not make "freewheeling policy choice[s]" or "have a license to create immunities based solely on [their] view of sound policy." *Rehberg*, 132 S. Ct. at 1502 (citation omitted).  Indeed, the Supreme Court has been "quite sparing in [its] recognition of absolute immunity . . . and ha[s] refused to extend it any further than its justification would warrant." *Burns v. Reed*, 500 U.S. 478, 487 (1991).

As demonstrated below, absolute immunity under section 1983 only shields officials acting in a ministerial capacity from claims for compensatory or punitive damages.  *Rehberg*, 132 S. Ct. at 1503 (noting Supreme Court has recognized certain legislative, judicial, and prosecutorial functions that are absolutely immune from liability for damages under section 1983 and collecting cases).  Plaintiffs are not asserting such claims against Defendant Urquhart.  Thus, Defendant's assertion of immunity is not a defense to this action.

      1.      <u>Defendant is only immune from claims for compensatory and punitive damages</u>.

Under the "functional approach," courts "loo[k] to the common law for guidance in determining the scope of the immunities available in a § 1983 action." *Rehberg*, 132 S.Ct. at 1502.  Specifically, courts determine whether "an official was accorded immunity from tort

1   actions at common law when the Civil Rights Act was enacted in 1871[.]"  *Malley v. Briggs*,

2   475 U.S. 335, 340 (1986); *see also Burns v. Reed*, 500 U.S. 478, 498 (1991) ("Where we have

3   found that a tradition of absolute immunity did not exist as of 1871, we have refused to grant

4   such immunity under § 1983.").  The determination of whether an official was historically

5   immune from damages does not rest on the official's role or title but rather on the specific

6   function or act of the official that the plaintiff is challenging.  *Miller v. Gammie*, 335 F.3d 889,

7   897 (9th Cir. 2003) (citing *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)); *see also Imbler*, 424

8   U.S. at 421 (common law prosecutors were immune from suits for malicious prosecution;

9   thus, modern day prosecutors are absolutely immune for initiating and pursing a criminal

10   prosecution).

11          When the Civil Rights Act was enacted in 1871, officials typically lacked immunity from

12   liability arising out of the performance of ministerial duties, and this was true even where the

13   official's principal functions were executive or judicial in character.  Thomas M. Cooley, A

14   Treatise on the Law of Torts § 65 (1930); *see also Bogan v. Scott-Harris*, 523 U.S. 44, 51 (1998)

15   (explaining legislators were liable at common law for ministerial duties); *Pierson v. Ray*, 386

16   U.S. 547, 567 (1967) ("A judge is liable for injury caused by a ministerial act; to have immunity

17   the judge must be performing a judicial function." (citing *Ex parte Commonwealth of Virginia*,

18   100 U.S. 339 (1879)).  A ministerial act was one that was deemed to be "performed in a

19   prescribed manner, in obedience to the law or the mandate of legal authority, without regard

20   to, or in the exercise of, the judgment of the individual upon the propriety of the acts being

21   done."  Mechem, Floyd R., A Treatise on the Law of Public Offices and Officers § 657 (1890).

22   Thus, officials were considered to be engaging in ministerial functions when serving or

23   executing writs.  *Id.* § 658; Cooley, *supra*, § 65.

24          Notwithstanding the general rule regarding liability for ministerial acts, an official at

25   common law was afforded immunity "where he act[ed] in obedience to a process regular on

26   its face and issued from a court having jurisdiction."  Cooley, *supra*, § 65 (citing *Brinkman v.*

27

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - 8
CASE NO. 2:16-CV-01123-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   *Drolesbaugh*, 119 N.E. 451 (1918)).  In his treatise on the Law of Public Offices and Officers,

2   Floyd R. Mechem explained:

3       Where process, fair upon its face, is put into the officer's hands for service, it is his

4   duty, as has been seen, to proceed to execute it according to its command. Out of this duty

5   arises the necessity of protection, and the rule is well settled that for the proper service of

6   such process the office incurs no liability[.]

7       Mechem, *supra*, § 768; *see also Mays v. Sudderth*, 97 F.3d 107, 112-13 (5th Cir. 1996)

8   (tracing common law immunity of officials who execute valid court orders).

9       While referred to at times as "absolute," the common law immunity afforded to

10  officials who engaged in the ministerial acts of serving and executing writs was limited to

11  claims for compensatory and punitive damages.  *See, e.g.*, *Watson v. Watson*, 9 Conn. 140,

12  141 (Conn. 1832) (officer that executed writ of replevin was immune from suit for damages);

13  *Rice v. Miller*, 8 S.W. 317, 317 (1888) (sheriff that acted under valid writ of attachment was

14  immune from actual and exemplary damages for attachment and seizure of property); *Erskine*

15  *v. Hohnbach* 81 U.S. 613, 614 (1871) (tax collector was immune from damages in trespass suit

16  for ministerial duty of tax collection where assessment was valid on its face and issued by

17  tribunal with jurisdiction); *see also Heath v. Halfhill*, 76 N.W. 522, 523 (Iowa 1898) (upholding

18  order enjoining constable from collecting on judgment pursuant to court order because "[t]he

19  cause, when commenced, was well founded, and presented an issue properly triable in

20  equity," and "[t]he trial court rightly retained it for such judgment as would protect plaintiff").

21  This is unsurprising, as it remains well recognized today that immunity in section 1983 cases is

22  generally "immunity from a suit for damages," and "a person who is immune from an action

23  for damages will not be immune from a suit for equitable relief such as an injunction or

24  declaratory judgment."  13D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3575.3 (3d

25  ed. 2016 Update).

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1      In their complaint, Plaintiffs do not assert claims against Defendant Urquhart for

2 compensatory or punitive damages.  Rather, Plaintiffs' claims are limited to equitable relief.

3 Specifically, Plaintiffs seek a declaration that Defendant has violated their constitutional rights

4 by having the King County Sheriff's Office serve them with writs of restitution issued pursuant

5 to RCW 59.18.375 and an injunction that restrains Defendant from continuing to serve or

6 execute such writs.  Dkt. # 1-1 ¶ 48.  Thus, Defendant's limited immunity does not shield him

7 from Plaintiffs' claims.

8      The cases on which Defendant Urquhart relies in support of his position are inapposite,

9 as they all involve only claims for compensatory damages under section 1983.  *See, e.g.*,

10 *Engebretson v. Mahoney*, 724 F.3d 1034, 1039-40 (9th Cir. 2013) (holding prison officials were

11 entitled to immunity in suit for compensatory damages); *Coverdell v. Dep't of Soc. & Health*

12 *Servs.*, 834 F.2d 758, 762-65 (9th Cir. 1987) (holding social worker was entitled to immunity

13 from claims for damages); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir.

14 1986) (holding sheriff was entitled to immunity from suit for damages); *Nelson v. Walsh*, 60 F.

15 Supp. 2d 308, 312 (D. Del. 1999), *aff'd*, 225 F.3d 649 (3d Cir. 2000) (same); *Von Brincken v.*

16 *Royal*, No. 2:12–cv–2599–MCE–CKD PS, 2013 WL 211245, *3 (E.D.Cal., Jan. 10, 2013) (same).

17 None of these cases stand for the proposition that immunity from damages also shields an

18 officer from claims for injunctive or declaratory relief.

19      2.    <u>Defendant is not immune from claims for injunctive relief under section</u>
             <u>1983 because he is not a quasi-judicial official.</u>
20

21      Defendant separately maintains he is immune from Plaintiffs' claims for injunctive

22 relief because section 1983 provides that "in any action brought against a judicial officer for

23 an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted

24 unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C.

25 § 1983 (emphasis added).  Defendant is mistaken.

26

27

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - 10
CASE NO. 2:16-cv-01123-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

At common law, ministerial functions were treated as separate and distinct from quasi-judicial functions.  An official's actions were deemed to be quasi-judicial only if the law imposed on the official a "duty of looking into the facts and acting upon them, not in a way which it specifically directs, but after a discretion in its nature judicial."  Mechem, *supra*, § 637; *see also id.* § 636 (quasi-judicial officers exercised "powers very nearly akin to those of judges in the courts").  This continues to hold true today.  *See Imbler*, 424 U.S. at 423 n.20 (actions of officials are considered "quasi-judicial" only because of "the functional comparability of their judgments to those of the judge").

As Defendant Urquhart readily acknowledges, "[s]heriffs are *expected* to carry out facially valid court orders, not refuse or question them."  Dkt. # 11 at 2:1-2 (emphasis in original).  Indeed, Washington law obligates Defendant to "serve or execute, according to law, all process, writs, precepts, and orders, issued by lawful authority."  RCW 36.28.020.   There is no discretion or judgment involved that could be considered judicial in nature; rather, the duties performed "are entirely ministerial."  *See Finberg*, 634 F.2d at 54.

Because Defendant Urquhart's conduct in serving and executing writs of restitution is not quasi-judicial in nature, Defendant is not within the scope of "judicial official" under section 1983 and thus is not immune from claims for injunctive relief.[4]

3. <u>At a minimum, Plaintiffs are entitled to pursue their claims for declaratory relief</u>.

Even if the Court were to conclude that Defendant falls within the meaning of "judicial officer" for purposes of immunity under section 1983, that immunity would not extend to Plaintiffs' claims for declaratory relief.  *See Eugster v. Washington State Bar Ass'n.*, No. CV 09-

_____

[4] The cases on which Defendant relies for immunity from injunctive relief under section 1983 do not support his position, as neither involved a non-judicial officer as defendant.  *See Kampfer v. Scullin*, 989 F. Supp. 194, 196 (N.D.N.Y. 1997) (involving claims against sitting judge); *Gonzales-Quezada v. Hayden*, C09-1469-JCC, 2010 WL 101323, at *2 n.2 (W.D. Wash. Jan. 7, 2010) (same).  Defendant also cites *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385 (9th Cir. 1987), for the general proposition that quasi-judicial immunity extends to claims for declaratory and injunctive relief. But *Mullis* was a *Bivens* action against a federal officer and thus is inapplicable to Plaintiffs' section 1983 claims.  *See Mullis*, 828 F.2d at 1394.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

357-SMM, 2010 WL 2926237, at *10 (E.D. Wash. July 23, 2010), *aff'd*, 474 F. App'x 624 (9th

Cir. 2012) ("[T]he limits in § 1983 do not appear to alter the availability of declaratory relief.");

*Lyons v. Bisbee*, No. 3:07-CV-460-LRHRAM, 2009 WL 801824, at *9 (D. Nev. Feb. 10, 2009),

*report and recommendation adopted*, No. 3:07-CV-00460LRH RAM, 2009 WL 872436 (D. Nev.

Mar. 25, 2009) (allowing plaintiff to pursue claims for declaratory relief against parole board

members even though quasi-judicial immunity barred claims for injunctive relief); *Swenson v.*

*Cty. of Kootenai*, No. 2:13-CV-00026-EJL, 2014 WL 585726, at *3 (D. Idaho Feb. 14, 2014),

*report and recommendation adopted*, No. 2:13-CV-0026-EJL, 2014 WL 1247801 (D. Idaho Mar.

25, 2014) (recognizing that section 1983 implicitly permits claims for declaratory relief against

judicial officers).  Accordingly, Plaintiffs should, at a minimum, be allowed to pursue

declaratory relief against Defendant Urquhart.

      4.    <u>Defendant is not immune from claims for nominal damages under</u>
<u>section 1983</u>.

Plaintiffs also seek nominal damages on behalf of themselves and proposed class

members who have been served with the writ of restitution.  Defendant Urquhart points to no

authority in support of the suggestion that absolute immunity under section 1983 bars claims

for nominal damages.  Moreover, nominal damages are distinguishable from punitive and

compensatory damages.  *See Cummings v. Connell*, 402 F.3d 936, 942 (9th Cir. 2005).

"[N]ominal damages are awarded to vindicate rights, the infringement of which has not

caused actual, provable injury."  *Id*.  "Nominal damages, as the term implies, are in name only

and customarily are defined as mere token or 'trifling.'"  *Id.* at 943.  They "exist as a purely

symbolic vindication of a constitutional right."  *Id.* at 946 (citation and internal marks

omitted).

The policy reasons behind protecting officials from suits for compensatory damages—

such as preventing "frivolous and vexatious" lawsuits that would impair officials' willingness to

make discretionary decisions—are inapplicable in cases like this where only nominal damages

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - 12
CASE NO. 2:16-CV-01123-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  are sought in addition to declaratory and injunctive relief.  *Forrester v. White*, 484 U.S. 219,

2  226 (1988).  Thus, Defendant's request to dismiss Plaintiffs' claim for nominal damages should

3  be denied.

4  **C.      Abstention is not a bar to Plaintiffs' claims.**

5          Defendant Urquhart maintains that Plaintiffs "cannot obtain an injunction or

6  declaratory judgment against the Sheriff because 'an adequate remedy at law exists which

7  renders equitable relief inappropriate.'" Dkt. # 11 at 12:3-5 (quoting *Acheson v. Idaho Comm'n*

8  *for Pardons & Parole*, 234 F.3d 1276 (9th Cir. 2000)).[5]  Although not entirely clear, it appears

9  Defendant is referring here to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S.

10  37, 43-44 (1971).  *See* Dkt. # 11 at 12:7-11 (citing *Yellen v. Hara*, CV 15-00300 JMS-KSC, 2015

11  WL 8664200, at *11 (D. Haw. Dec. 10, 2015), a case in which the district court analyzed

12  *Younger*). For several reasons, *Younger* abstention is inapplicable to this case.

13          First, the *Younger* abstention doctrine "espouses a strong federal policy against

14  federal-court interference with <u>pending</u> state judicial proceedings absent extraordinary

15  circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431

16  (1982) (emphasis added).  Because the unlawful detainer actions against Plaintiffs have

17  concluded, there are no pending state judicial proceedings with which the district court could

18  interfere.

19          Second, the policies underlying *Younger* are only applicable "when important state

20  interests are involved."  *Id*. at 432.  "A state unlawful detainer action does not implicate

21  'important state interests.'"  *Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1168-69 (9th Cir.

22  2013).

23  _____

24  [5] It was improper for Defendant Urquhart to cite this unpublished as well.  *See* U.S. Court of Appeals Ninth Circuit Rule 36-3.  Defendant also relies on *Henry*, 808 F.2d 1228, which does not discuss abstention.  That case is distinguishable, however, because it involved a collateral attack on a state court order for the enforcement of a

25  state court judgment.  *Henry*, 808 F.2d at 1234, 1238-39.  Plaintiffs are not attacking any judgments entered against them; rather, Plaintiffs are challenging the constitutionality of the statute under which the writs

26  Defendant served were issued.  As noted above, the sheriff responsible for serving a writ is the proper defendant in such an action.

27

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - 13
CASE NO. 2:16-CV-01123-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North Main Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    And third, Defendant Urquhart waived his ability to raise abstention issues by invoking

2    the district court's jurisdiction through the removal procedure.  *See Ryan v. State Bd. of*

3    *Elections of State of Ill.*, 661 F.2d 1130, 1137 (7th Cir. 1981) ("When state officials affirmatively

4    seek federal adjudication, abstention is inappropriate."); *Cummings v. Husted*, 795 F. Supp. 2d

5    677, 692-94 (S.D. Ohio 2011) (because defendant removed action to federal court, defendant

6    was barred from asserting *Younger* abstention against plaintiffs who originally filed in state

7    court); *Ash v. City of Clarksville*, No. 3:03-0380, 2004 WL 5913273, at *3 (M.D. Tenn. Sept. 3,

8    2004) ("*Younger* abstention does not preclude the Court from making this determination,

9    particularly because Defendants invoked federal jurisdiction by removing the action from

10   state court and thereby waived an abstention defense."); *Kenny A. ex rel Winn v. Perdue*, 218

11   F.R.D. 277, 285 (N.D. Ga. 2003) ("State Defendants are in federal court only because of their

12   own decision to remove the case from state court.  It would be fundamentally unfair to permit

13   State Defendants to argue that this Court must abstain from hearing the case after they

14   voluntarily brought the case before this Court."); *cf. Lapides v. Bd. of Regents of the Univ. Sys.*

15   *of Ga.*, 535 U.S. 613, 620 (2002) (holding defendant that voluntarily removes action from state

16   court waives Eleventh Amendment immunity).

17        For these reasons, abstention is no bar to Plaintiffs' claims under any circumstance.

18   **D.    Plaintiffs need not establish *Monell* liability because they have not sued**

19   **Defendant in his capacity as a county official.**

20        Defendant Urquhart argues that Plaintiffs' suit must be dismissed because Plaintiffs

21   are unable to establish municipal liability under *Monell v. New York City Dept. of Soc. Servs.*,

22   436 U.S. 658 (1978).  As noted above, however, Plaintiffs are not suing Defendant as a

23   municipal actor.  Thus, *Monell* is inapplicable.

24        The cases on which Defendant relies do not alter this conclusion.  In *Kentucky v.*

25   *Graham*, the Court made its "moving force" comment in the context of municipal actors as

26   opposed to state actors.  473 U.S. 159, 167-68 & n.14 (1985).  In *Nelson v. Walsh*, the district

27

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - 14
CASE NO. 2:16-CV-01123-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   court likewise addressed a "theory of municipal entity liability."  60 F. Supp. 2d at 313.  In

2   *Dahlz v. San Mateo*, 6 Fed. Appx. 575, 576 (9th Cir. 2001), the appellate court's comments on

3   *Monell* liability were limited to the county and sheriff's department as municipal entities and

4   did not address individual named in their official capacities.[6]

5       As for the case of *Shipley v. First Fed. Sav. & Loan Ass'n of Del.*, 619 F. Supp. 421, 435

6   (D. Del. 1985), it actually supports Plaintiffs' position.  There the district court found that a

7   county sheriff "should be regarded as [an] officer[] of the state" because he acted "in a

8   ministerial capacity under the laws of the State of Delaware in connection with score facias

9   proceedings," which required the sheriff "to summon and serve the defendants" with writs.

10  *Id.* at 425-26, 434-35.  This is analogous to the situation presented here (except Plaintiffs are

11  not suing for compensatory damages).

12      For these reasons, Plaintiffs state valid claims against Defendant Urquhart.

13  **E.   Plaintiffs Moore and Shaw have not waived their claims against Defendant**
14      **Urquhart.**

15      Defendant Urquhart maintains Plaintiffs Moore and Shaw should not be allowed to

16  proceed in this action on the ground that a settlement agreement entered into between

17  Plaintiffs and their landlord "waived all constitutional challenges to the [w]rit procedure."

18  Dkt. # 11 at 14:6-8.  Defendant is wrong.

19      In the settlement agreement, Plaintiffs Moore and Shaw did <u>not</u> waive any claims

20  against Defendant Urquhart for his violation of Plaintiffs' constitutional rights.  To the

21  contrary, Moore and Shaw explicitly retained the right to continue pursuing those claims:

22          <u>For the purposes of this unlawful detainer lawsuit</u>, [the tenants] waive
            all defenses and claims <u>against [the landlord]</u> and submit to the
23          personal jurisdiction of the court . . . . The parties further agree this
            Stipulation shall <u>not</u> bar [the tenants] from pursuing the lawsuit filed as
24          Moore v. Urquhart, King County Cause Number 16-2-15796-3 SEA . . . .

25

26  _____
    [6] Under U.S. Court of Appeals Ninth Circuit Rule 36-3, it was improper for Defendant Urquhart to cite this
    unpublished decision, and Plaintiffs reference it only for the purpose of responding to Defendant's argument.
27

1  Dkt. # 11-15 ¶ 8 (emphasis added).  To constitute a waiver, there must be either "an express

2  agreement" or "unequivocal acts or conduct evidencing an intent to waive."  *Jones v. Best*,

3  134 Wn.2d 232, 241, 950 P.2d 1 (1998).  Neither situation is present here.

4  Furthermore, Plaintiffs Moore and Shaw never asserted a section 1983 claim against

5  their landlord, which would have required proving the landlord acted under color of state law.

6  *See* 42 U.S.C. § 1983.  This is no easy feat.  Courts "start with the presumption that private

7  conduct does not constitute governmental action"; rather, "something more must be

8  present."  *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (internal

9  marks omitted).  And as a general matter, private parties "bear no real responsibility for the

10  violation of rights arising from the enactment of the laws."  *Id.* at 838-39.  Thus, Defendant's

11  characterization of the landlord as "the sole real party at interest" in relation to Plaintiffs'

12  "constitutional claims" is erroneous.  Dkt. # 11 at 14:13-14.

13  Even if Plaintiffs were able to maintain claims against the landlord under section 1983,

14  a settlement with one party does not, in and of itself, bar an action against another party for

15  the same or similar claims.  "[T]he plaintiff is the master of the complaint and has the option

16  of naming only those parties the plaintiff chooses to sue . . . ."  *Lincoln Prop. Co. v. Roche*, 546

17  U.S. 81, 91 (2005) (quoting 16 J. Moore et al., *Moore's Federal Practice* § 107.14[2][c], p. 107-

18  67 (3d ed. 2005)).  Plaintiffs have chosen to pursue their claims against Sheriff Urquhart and as

19  explained earlier, the Sheriff is the proper Defendant to this action.

20  **F.  The claims of the Davis Plaintiffs are not barred by res judicata.**

21  Defendant Urquhart contends that the claims of Plaintiffs Nina and Cherrelle Davis are

22  barred under the doctrine of res judicata, or claim preclusion, because the Davises did not

23  raise their constitutional challenge in the unlawful detainer action in which the writ of

24  restitution was issued.  For several reasons, this argument fails.

25  First, "[t]he Due Process Clause places some limits on the doctrine of res judicata; only

26  proceedings that meet the minimal requirements of due process are accorded preclusive

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  effect." *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1018 (9th Cir. 1999)

2  (citing *Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 483-85 (1982)).  "A state proceeding that

3  does not provide a party a full and fair opportunity to litigate the claim does not qualify." *Id.*

4  (internal marks omitted); *see also Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 390 (9th Cir.

5  1992) ("[I]f the plaintiff was not adequately represented in the prior action or there was a

6  denial of due process, then the prior decision has no preclusive effect." (citing *Hansberry v.*

7  *Lee*, 311 U.S. 32 (1940)).

8          In June 2016, the Davises' landlord filed an unlawful detainer action against them.  Dkt.

9  # 1-1 ¶¶ 23-25.  The landlord served the Davises with a summons and complaint as well as a

10  "Statement Requirement" that required them to either pay the full amount of rent allegedly

11  owed or file a written statement asserting they did not owe this amount.  *Id.*  Because the

12  Davises did not have the ability to pay and were unable to sign a declaration alleging they did

13  not owe the money, they took neither action.  *Id.* ¶ 26.  As a result, a writ of restitution was

14  issued under RCW 59.18.375 that informed the Davises they must vacate the premises.  *Id.*

15  ¶ 27.  Defendant Urquhart had one of his deputies serve the writ on the Davises before they

16  were afforded a hearing.  *Id.*  Moreover, the writ failed to inform them of the right to a

17  hearing before eviction.  *Id.*

18          One week after the writ was served, Defendant Urquhart's deputies physically evicted

19  the Davises, depriving them of their right to housing without due process.  *Id.* ¶ 28.  Thus, the

20  Davises were deprived of due process at two moments:  (1) when Defendant served the writ

21  of restitution before the Davises were afforded a hearing; and (2) when Defendant physically

22  evicted the Davises without a hearing.  Because the unlawful detainer action did not satisfy

23  the minimum procedural requirements of the federal and state constitutions, it has no

24  preclusive effect.

25          Second, the requirements of res judicata are not met in this case.  Federal courts look

26  to state law in determining whether to apply claim preclusion based on a prior state court

27

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - 17
CASE NO. 2:16-CV-01123-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    judgment.  *Kremer*, 456 U.S. at 482.  In Washington, claim preclusion requires the subsequent

2    action to be "identical with the first action in the following respects: (1) persons and parties;

3    (2) cause of action; (3) subject matter; and (4) the quality of the persons for or against whom

4    the claim is made."  *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn. 2d 89, 99, 117

5    P.3d 1117, 1123 (2005).

6         These requirements are not met.  To begin with, there is no privity as to the parties

7    because, as he acknowledges, Defendant Urquhart was not a party to the unlawful detainer

8    action brought against the Davises.  Dkt. # 11 at 12 n.23.  There is also no privity as to the

9    quality of the parties opposite of the Davises.  Plaintiffs have brought this suit against

10   Defendant as a state actor, while the landlord brought its action against the Davises as a

11   private party.  *Cf. Rains v. State*, 100 Wn. 2d 660, 664, 674 P.2d 165, 169 (1983) (finding that

12   quality of parties is identical because suit against members of Public Disclosure Commission

13   was essentially suit against state).

14        Furthermore, the two causes of action are not identical.  In assessing this element,

15   Washington courts consider "(1) whether rights or interests established in the prior judgment

16   would be destroyed or impaired by prosecution of the second action; (2) whether

17   substantially the same evidence is presented in the two actions; (3) whether the two suits

18   involve infringement of the same right; and (4) whether the two suits arise out of the same

19   transactional nucleus of facts."  *Hayes v. City of Seattle*, 131 Wn.2d 706, 713, 934 P.2d 1179,

20   1182, *opinion corrected*, 943 P.2d 265 (1997).  The unlawful detainer action against the

21   Davises arose out of a set of facts that had nothing to do with, and indeed preceded, the facts

22   giving rise the constitutional claims brought here.  In the former action a landlord sued the

23   Davises for failing to pay rent, whereas in this action the Davises are suing Defendant

24   Urquhart for serving them with a writ in a manner that violated their due process rights.  The

25   mere fact that the writ was served in connection with the first action does not mean the two

26   suits involve infringement of the same right.  The landlord's claim concerned an infringement

27

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - 18
CASE NO. 2:16-CV-01123-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   of its right to possess property, which is substantially different from the Davises' claims of

2   infringement on their constitutional rights.  Thus, prosecution of this action will not impair any

3   right established in the prior action.  *Cf. Henry*, 808 F.2d at 1235 (holding res judicata barred

4   claims challenging validity of mortgage because they "could impair the rights established in

5   the state court mortgage foreclosure proceedings").

6        The cases on which Defendant relies in support of his argument for claim preclusion

7   are factually distinguishable because the plaintiffs in those cases had a full and fair

8   opportunity to litigate in the first action the claims the plaintiffs were raising in the second

9   action.  *See Henry*, 808 F.2d at 1235-37 & n.6 (finding mortgage foreclosure proceeding was

10   procedurally adequate forum where plaintiffs could have raised defenses to validity of

11   mortgage <u>prior to foreclosure</u>, and res judiciata barred claims in subsequent action against

12   defendants that were in privity with bank that brought foreclosure action); *Hirsch v.*

13   *Copenhaver*, 839 F. Supp. 1524, 1528–31 (D. Wyo. 1993), *aff'd*, 46 F.3d 1151 (10th Cir. 1995)

14   (dismissing section 1983 claims because defendants either were not state actors or were

15   immune from suit and acknowledging that plaintiffs had fully litigated their challenge in prior

16   state and bankruptcy court proceedings).

17        For these reasons, the Court should reject Defendant Urquhart's arguments and allow

18   the Davises to proceed with their claims.

19   **G.    Plaintiffs may litigate the claims against Defendant Urquhart because**
        **Defendant's illegal conduct is capable of repetition while evading review and**
20       **the proposed class is inherently transitory.**

21        Defendant Urquhart asks the Court to dismiss Plaintiffs' claims for injunctive and

22   declaratory relief as moot on the ground that there is no active case and the Court is unable to

23   offer a meaningful remedy.  The party asserting mootness has a heavy burden.  *In re Palmdale*

24   *Hills Prop., LLC*, 654 F.3d 868, 874 (9th Cir. 2011).  Defendant fails to meet that burden.

25        A claim for injunctive or declaratory relief becomes moot only if the plaintiff no longer

26   has a live case or controversy justifying relief.  *Flint v. Dennison*, 488 F.3d 816, 824 (9th Cir.

27

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - 19
CASE NO. 2:16-CV-01123-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2007).  With respect to suits brought as class actions, "[t]here may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on the certification motion."  *Sosna v. Iowa*, 419 U.S. 393, 402 n.11 (1975).  In such instances, the case is not mooted by subsequent events if the allegedly illegal acts are "capable of repetition yet evading review" or the class is "inherently transitory."  *See Gerstein v. Pugh*, 420 U.S. 103, 111 n.11 (1975) (holding that class challenge to conditions at county jail was not mooted by conviction and transfer of named class representatives); *Wade v. Kirkland*, 118 F.3d 667, 669–70 (9th Cir. 1997) (holding that even if claims of named plaintiffs were moot, district court should rule on motion for class certification and permit proposed class members to intervene).  Both exceptions are present here.

Defendant's procedures for serving and executing writs of restitution are extremely short in duration and will inevitably terminate before a constitutional challenge, like this one, is fully litigated.  Indeed, as made clear by the allegations in Plaintiffs' complaint, the service and execution of writs of restitution issued under RCW 59.18.375 is typically completed in a matter of days.  Dkt. # 1-1 ¶¶ 17-28.  For example, the landlord of the Davis Plaintiffs commenced its unlawful detainer action on June 1, 2016.  *Id*. ¶ 23.  Defendant served the Davises with a writ of restitution on June 17, 2016 and evicted them on June 24, 2016.  *Id*. ¶¶ 27-28.  The entire action lasted 24 days, and the portion relevant to this lawsuit—Defendant's service and execution of the writ—lasted only one week.  *Id*.

It is well established "that activities spanning less than one year are likely to evade review."  *Strickland v. Alexander*, 772 F.3d 876, 887-88 (11th Cir. 2014) (gathering cases and finding that "constitutional challenges to statutes in federal court . . . can easily require more than a year to resolve"); *see also Greenpeace Action v. Franklin*, 14 F.3d 1324, 1329-30 (9th Cir. 1992) ("The regulation challenged was in effect for less than one year, making it difficult to obtain effective judicial review.").  Moreover, Defendant Urquhart's wrongful acts will be

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - 20
CASE NO. 2:16-CV-01123-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    repeated in each unlawful detainer action brought against a tenant in King County through

2    which a writ of restitution is issued under RCW 59.18.375.  As Plaintiffs allege, landlords and

3    their law firms routinely use this statutory writ procedure to evict King County residents.  Dkt.

4    # 1-1 ¶ 29.  Thus, the proposed class is also inherently transitory because it includes a

5    constant, revolving group of persons suffering the same deprivation.  *See Cnty. of Riverside v.*

6    *McLaughlin*, 500 U.S. 44, 52 (1991).[7]

7            "When the claim on the merits is 'capable of repetition, yet evading review,' the

8    named plaintiff may litigate the class certification issue despite loss of his personal stake in

9    the outcome of the litigation."  *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398 (1980).  The

10   same is true where the claims are "inherently transitory."  *Wade*, 118 F.3d at 669-70 ("[E]ven

11   after mootness of a named plaintiff's own claim, a plaintiff may continue to have a '"personal

12   stake" in obtaining class certification.'") (quoting *Geraghty*, 445 U.S. at 404)).  Accordingly, the

13   Court should reject Defendant's request to dismiss Plaintiffs' claims as moot.

14           If the Court concludes that Plaintiffs' claims are moot despite the arguments set forth

15   above, Plaintiffs respectfully request an opportunity to amend their complaint to allege that

16   Plaintiffs are under imminent threat of being served with additional rights of restitution

17   without due process.  *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (holding "leave

18   to amend should be granted unless the pleading 'could not possibly be cured by the allegation

19   of other facts'" (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)); *see also*

20   *Strickland*, 772 F.3d at 884-85 (holding plaintiff's claims were not moot where plaintiff alleged

21   facts supporting conclusion that "substantially likely" plaintiff would be served in near future

22   with writ issued under allegedly unconstitutional statute).

23                                    **IV.  CONCLUSION**

24           For the reasons set forth above, Plaintiffs respectfully ask the Court to deny Defendant

25   Urquhart's motion to dismiss.

26   _____

[7] Notably, a motion to amend the complaint to add additional Plaintiffs is pending.  *See* Dkt. # 13.

27

1

2          RESPECTFULLY SUBMITTED AND DATED this 24th day of October, 2016.

3                              TERRELL MARSHALL LAW GROUP PLLC

4
                                 By:   /s/ Toby J. Marshall, WSBA #32726
5                                      Toby J. Marshall, WSBA #32726
                                       Email:  tmarshall@terrellmarshall.com
6                                      Elizabeth A. Adams, WSBA #49175
                                       Email:  eadams@terrellmarshall.com
7                                      936 North 34th Street, Suite 300
                                       Seattle, Washington  98103-8869
8                                      Telephone:  (206) 816-6603
                                       Facsimile:  (206) 319-5450
9
10
                                       Rory O'Sullivan, WSBA #38487
11                                     Email: roryo@kcba.org
                                       KING COUNTY BAR ASSOCIATION
12                                     HOUSING JUSTICE PROJECT
                                       1200 Fifth Avenue, Suite 700
13                                     Seattle, Washington 98101
                                       Telephone:  (206) 267-7019
14                                     Facsimile: (206) 624-3117
15
16                                     *Attorneys for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - 22
CASE NO. 2:16-CV-01123-TSZ

1        CERTIFICATE OF SERVICE

2        I, Toby J. Marshall, hereby certify that on October 24, 2016, I electronically filed the

3    foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4    such filing to the following:

5            David JW Hackett, WSBA #21236
6            E-Mail: david.hackett@kingcounty.gov
             Mari K. Isaacson, WSBA #42945
7            E-Mail: mari.isaacson@kingcounty.gov
             KING COUNTY PROSECUTING ATTORNEY'S OFFICE
8            500 4th Avenue, Suite 900
9            Seattle, Washington 98104
             Telephone:  (206) 205-0580
10

11           *Attorneys for Defendants*

12       DATED this 24th day of October, 2016.

13                           TERRELL MARSHALL LAW GROUP PLLC

14
                             By:   /s/ Toby J. Marshall, WSBA #32726
15                                 Toby J. Marshall, WSBA #32726
                                   Email: tmarshall@terrellmarshall.com
16                                 936 North 34th Street, Suite 300
17                                 Seattle, Washington  98103
                                   Telephone:  (206) 816-6603
18                                 Facsimile:  (206) 319-5450

19                           *Attorneys for Plaintiffs*

20

21

22

23

24

25

26

27

PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF JOHN URQUHART'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C) - 23
CASE NO. 2:16-CV-01123-TSZ