1

2

3

4

5                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
6                                   AT SEATTLE

7    EVA MOORE, BROOKE SHAW,
     CHERRELLE DAVIS, and NINA
8    DAVIS, individually and on behalf of
     all others similarly situated,
9
                   Plaintiffs,                    C16-1123 TSZ
10
          v.                                     ORDER
11
     JOHN URQUHART, in his official
12   capacity as KING COUNTY SHERIFF,

13                 Defendant.

14         THIS MATTER comes before the Court on defendant King County Sheriff John

15   Urquhart's motion for judgment on the pleadings pursuant to Federal Rule of Civil

16   Procedure 12(c), docket no. 11.  In this matter, plaintiffs challenge the constitutionality of

17   RCW 59.18.375, which sets forth "optional" and additional procedures and remedies

18   concerning writs of restitution available in forcible entry or unlawful detainer actions.

19   *See* Am. Compl., Ex. A to Notice of Removal (docket no. 1-1).  On November 18, 2016,

20   the Court notified the Attorney General of the State of Washington about plaintiffs'

21   constitutional challenge, as required by Federal Rule of Civil Procedure 5.1(b) and

22   28 U.S.C. § 2403(b), and set a deadline of January 20, 2017, for the State of Washington

23

ORDER - 1

to intervene in this matter.  _See_ Order (docket no. 43).  Because the Court concludes that plaintiffs cannot pursue their constitutional challenge in this forum or against Sheriff Urquhart, the Court hereby GRANTS Sheriff Urquhart's Rule 12(c) motion without waiting for the State of Washington to indicate whether it will intervene.  _See_ Fed. R. Civ. P. 5.1(c).

## **Background**

According to the Amended Complaint, plaintiffs Eva Moore and Brooke Shaw reside in rental housing located in Kent, Washington, and were each served with a writ of restitution, while plaintiffs Cherrelle Davis and Nina Davis are currently homeless, but previously lived in rental housing located in Federal Way, Washington, from which they were evicted after being served with a writ of restitution.  Plaintiffs allege that they all filed responses to the respective summons and complaint in the related unlawful detainer actions, and that the writs of restitution they received did not inform them of any right to a hearing prior to eviction.[1]  _See_ Am. Compl. at ¶¶ 20-21 & 26-27 (docket no. 1-1).

Plaintiffs contend that the procedures set forth in Washington's Residential Landlord-Tenant Act ("RLTA") for obtaining a writ of restitution allow for eviction without a hearing, and therefore violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, as well as Article I, Section 3 of the

---

[1] In support of the Rule 12(c) motion, counsel for Sheriff Urquhart has submitted various documents associated with the underlying unlawful detainer actions.  _See_ Exs. 1-20 to Motion (docket nos. 11-2 through 11-21).  The Court DECLINES to consider these materials because doing so might require the pending motion to be treated as one for summary judgment.  _See_ Fed. R. Civ. P. 12(d).

ORDER - 2

1  Washington State Constitution.[2]  In this litigation, plaintiffs seek certification of a class,

2  declaratory relief, and an injunction prohibiting Sheriff Urquhart from serving and

3  enforcing writs of restitution, as well as nominal damages, attorney's fees, and costs in

4  connection with their claim under 42 U.S.C. § 1983.

5  **Discussion**

6  In deciding a Rule 12(c) motion, the Court must inquire whether the operative

7  complaint contains "sufficient factual matter, accepted as true, to state a claim of relief

8  that is plausible on its face." _Harris v. Cnty. of Orange_, 682 F.3d 1126, 1131 (9th Cir.

9  2012).  A claim is plausible when a plaintiff alleges enough facts to permit the Court to

10  draw a reasonable inference of misconduct; the Court is not, however, required to accept

11  as true any legal conclusions set forth in the pleadings.  _Id._  A dismissal under Rule 12(c)

12  with prejudice and without leave to amend is appropriate if the complaint cannot be cured

13  by amendment.  _Id._  In this matter, the viability of plaintiffs' claim turns on the nature of

14  their constitutional challenge (_i.e._, facial or as applied), and on whether they have named

15  an appropriate defendant.

16  In analyzing a procedural due process claim, the Court must consider the factors

17  articulated in _Mathews v. Eldridge_, 424 U.S. 319 (1976).  _See_ _Cleveland Bd. of Educ. v._

18  _Loudermill_, 470 U.S. 532, 542-43 (1985); _Curlott v. Campbell_, 598 F.2d 1175, 1181 (9th

19

20  [2] The Washington State Constitution provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law."  WASH. CONST. art. I, § 3.  Plaintiffs do not assert, and thus, the

21  Court need not address whether, Article I, Section 3 provides greater due process protections than its federal counterpart.  _See_, _e.g._, _State v. Jordan_, 180 Wn.2d 456, 462, 325 P.3d 181 (2014) (indicating that Article I, Section 3 has been treated as coextensive with the Due Process Clause of the Fourteenth

22  Amendment, and observing that the litigants had provided no analysis under _State v. Gunwall_, 106 Wn.2d 54, 720 P.2d 808 (1986), to suggest a different view).

23

Cir. 1979); *see also* *Amunrud v. Bd. of Apps.*, 158 Wn.2d 208, 216, 143 P.3d 571 (2006). The Court must weigh (i) the nature of the private interest affected by the government action, and (ii) the risk of erroneous deprivation of such interest through the procedures used, as well as the probable value of additional or substitute safeguards, against (iii) the interest of the government, including the fiscal or administrative burdens that additional or different procedural requirements would entail.  *See* *Mathews*, 424 U.S. at 335.  A pre-deprivation hearing is required only if full relief cannot be obtained at a post-deprivation hearing.  *See* *id.* at 331; *Curlott*, 598 F.2d at 1181; *see also* *Loudermill*, 470 U.S. at 547 (holding that, with respect to a public employee who may be discharged only for cause, "all the process that is due is provided by a pretermination opportunity to respond, coupled with post-termination administrative procedures").

The RLTA sets forth the process by which a landlord may institute an unlawful detainer action and seek to have a tenant evicted.  *See* RCW 59.18.365.  In connection with an unlawful detainer action, a landlord may also apply "for an order directing the defendant to appear and show cause, if any he or she has, why a writ of restitution should not issue restoring to the plaintiff possession of the property in the complaint described." RCW 59.18.370.  The statute requires the show cause hearing to be conducted not less than seven (7) nor more than thirty (30) days after the date that the show cause order is served on the tenant.  *Id.*  The show cause order must notify the tenant that if he or she fails to appear and show cause "at the time and place specified," the court presiding over the unlawful detainer action may order the sheriff to restore possession of the property to the landlord.  *See* *id.*

1    In a separate provision, the RLTA indicates two ways in which a tenant can avoid

2    issuance of a writ of restitution:  (i) by payment of the rent allegedly due into the registry

3    of the court, or (ii) by submission of a written, sworn statement setting forth a reason why

4    the alleged rent is not owed.  *See* RCW 59.18.375(2).  This section of the RLTA further

5    provides that "[f]ailure of the defendant to comply with this section shall be grounds for

6    the immediate issuance of a writ of restitution *without **further** notice to the defendant* and

7    without bond directing the sheriff to deliver possession of the premises to the plaintiff."

8    RCW 59.18.375(4) (emphasis added).  If a writ of restitution is issued, a tenant "may

9    seek a hearing on the merits and an immediate stay of the writ of restitution" by making

10   an offer of proof that the landlord is not entitled to possession of the property for legal or

11   equitable reasons.  *Id.*

12   The RLTA also requires that, "[a]t the time and place fixed for the hearing of

13   plaintiff's motion for a writ of restitution," the court "shall examine the parties and

14   witnesses orally to ascertain the merits of the complaint and answer."  RCW 59.18.380.

15   The statute creates a "mandatory duty" on the part of the court presiding over the

16   unlawful detainer action to examine the parties and witnesses; such examination is "not a

17   formality," but rather forms "the basis for the issuance of the writ [of restitution]

18   pendente lite."  *Housing Auth. of City of Pasco & Franklin Cnty. v. Pleasant*, 126 Wn.

19   App. 382, 391, 109 P.3d 422 (2005).  The language in RCW 59.18.375(4), indicating that

20   a tenant's failure to comply constitutes grounds for issuance of a writ of restitution

21   without *further* notice, does not supplant the hearing requirement articulated in

22   RCW 59.18.380.  *See Pleasant*, 126 Wn. App. at 395 ("The pendente lite writ of

23

restitution was issued on incompetent evidence and without examination of the parties and witnesses *as required by statute*." (emphasis added)).  The word "further," as used in RCW 59.18.375(4), contemplates that notice has already been provided to the tenant, in the form of a show cause order fixing a date and time for a hearing, and that additional notice to the tenant will not be required if the tenant does not timely take one of the steps enumerated in RCW 59.18.375(2).  *See* Webster's Third New Int'l Dictionary 924 (1981) ("further" means "in addition : MOREOVER" or "going or extending beyond what exists : ADDITIONAL"); *see also ASARCO, LLC v. Celanese Chem. Co.*, 792 F.3d 1203, 1210 (9th Cir. 2015) (statutes are generally construed "to give every word some operative effect").

In their operative pleading, plaintiffs appear to contend that no show cause order was obtained or served by their respective landlords, as required by RCW 59.18.370, that no show cause (or pre-deprivation) hearing was scheduled or conducted before the writs of restitution in question were issued, as required by RCW 59.18.370 and .380, and that the writs of restitution in question did not advise plaintiffs of their rights to seek a "post-deprivation" hearing and a stay of execution.  With regard to the first two assertions, plaintiffs do not present a facial, but rather an as-applied, constitutional challenge.  With respect to issuance of writs of restitution, the RLTA sets forth pre-deprivation safeguards that would satisfy the *Mathews* balancing test and the requirements of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, as well as Article I, Section 3 of the Washington State Constitution.  Plaintiffs essentially allege, however, that their respective landlords and the King County Superior Court failed to comply with the RLTA in connection with the issuance of the writs of restitution in

ORDER - 6

question.  At most, this claim presents an as-applied constitutional challenge, and it might

raise merely an issue of statutory interpretation and/or violation.

As to their third allegation that the writs of restitution served on them did not

inform them about "post-deprivation" procedures, whether plaintiffs are criticizing a

statutory form of notice or a document prepared by their respective landlords and

presented to the King County Superior Court is unclear.  The RLTA contains a form of

notice, titled "Payment or Sworn Statement Requirement," that a landlord must serve on

a tenant, separate from the summons and complaint in the unlawful detainer action,

which describes the requirements of RCW 59.18.375.  *See* RCW 59.18.375(7).  This

statutory form does not include any explanation concerning "post-deprivation" hearings

or stays of writs of restitution.  In their operative pleading, plaintiffs do not explicitly

attack the statutory form (which is not itself a writ of restitution), but rather seem to

challenge the writs of restitution, which would have been proposed by their respective

landlords and issued by the King County Superior Court.  Regardless of whether the

"Payment or Sworn Statement Requirement" forms plaintiffs received or the writs of

restitution in question are the subject of plaintiffs' constitutional claim, plaintiffs do not

contend that the RLTA fails to offer an opportunity for at least post-deprivation review;

they simply state they were not told about the RLTA's provisions.

Plaintiffs have not raised the type of facial constitutional challenge necessary to

invoke the doctrine set forth in *Ex Parte Young*, 209 U.S. 123 (1908), and its progeny,

pursuant to which they might proceed on a claim against Sheriff Urquhart under

42 U.S.C. § 1983.  When executing a writ of restitution (or other order or judgment)

ORDER - 7

1   issued by a state court, a sheriff and his or her deputies act as state, and not county,

2   officials for purposes of Eleventh Amendment immunity.  *See Gottfried v. Med. Planning*

3   *Servs., Inc.*, 280 F.3d 684, 692-93 (6th Cir. 2002); *McCurdy v. Sheriff of Madison Cnty.*,

4   128 F.3d 1144 (7th Cir. 1997); *Scott v. O'Grady*, 975 F.2d 366, 369-71 (7th Cir. 1992);

5   *Weissbrod v. Housing Part of Civil Ct. of N.Y.C.*, 293 F. Supp. 2d 349, 354 (S.D.N.Y.

6   2003).  Under the reasoning of *Ex Parte Young*, a state official may be sued,

7   notwithstanding the Eleventh Amendment, if the constitutionality of the state law

8   pursuant to which the state official has taken or will take action is challenged.  *See*

9   *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984); *see also Long v.*

10  *Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) (*Ex Parte Young* requires "a connection

11  between the official sued and enforcement of the allegedly unconstitutional statute" and

12  "a threat of enforcement"); *cf. L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir.

13  1992) (observing that declaratory relief sought under *Ex Parte Young* "may not be

14  premised on a wholly past violation of federal law," and must instead "serve the federal

15  interest in assuring future compliance with federal law").

16      The theory of *Ex Parte Young* is that "an unconstitutional enactment is 'void' and

17  therefore does not 'impart to [the officer] any immunity from responsibility to the

18  supreme authority of the United States.'"  *Pennhurst*, 465 U.S. at 102 (alteration in

19  original, quoting *Ex Parte Young*, 209 U.S. at 160).  If a state may not, consistent with

20  the United States Constitution, by statute authorize the action at issue, the state may not

21  clothe its officials in immunity from the consequences of such conduct.  *See id.*  The

22  *Ex Parte Young* exception to sovereign immunity does not apply in this case because the

23

ORDER - 8

allegedly unconstitutional activity was not in conformance with, but rather in breach of, the state statute, _see id._ at 103-25 (holding that, in the absence of a state's consent or waiver, the Eleventh Amendment precludes a federal court from awarding injunctive relief against such state's officials on the basis of state law), and Sheriff Urquhart is not an appropriate defendant because he played no role in circumventing the show cause hearing requirements of the RLTA.

Plaintiffs' § 1983 claim against Sheriff Urquhart must be dismissed, but the question is whether such dismissal should be with or without prejudice. Plaintiffs cannot cure their pleading by naming a different defendant. Their respective landlords are not state actors as required by 42 U.S.C. § 1983, and the King County Superior Court, its judges, and its commissioners are not subject to suit under § 1983, _see Pierson v. Ray_, 386 U.S. 547, 554-55 (1967) (citing _Bradley v. Fisher_, 80 U.S. 335 (1871)). Moreover, plaintiffs cannot now and in this forum raise the concerns about the writs of restitution that they should have presented on appeal from the final decisions in the unlawful detainer actions. _See Dist. of Columbia Ct. of Apps. v. Feldman_, 460 U.S. 462, 482 (1983) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings"); _Rooker v. Fid. Trust Co._, 263 U.S. 413, 415-16 (1923); _Doe & Assocs. Law Offices v. Napolitano_, 252 F.3d 1026, 1030 (9th Cir. 2001) (purpose of the _Rooker-Feldman_ doctrine is "to protect state judgments from collateral federal attack"). Finally, to the extent that plaintiffs wish to prospectively require King County Superior Court judges and commissioners to schedule and conduct the show cause hearings envisioned by RCW 59.18.370 and .380, their claim seems to be in the

1   nature of mandamus, as to which this Court does not have jurisdiction.  *See* *Clark v. State*

2   *of Washington*, 366 F.2d 678, 682 (9th Cir. 1966) ("federal courts are without power to

3   issue writs of mandamus to direct state courts or their judicial officers in the performance

4   of their duties"); *compare* WASH. CONST. art IV, § 4; *State ex rel. Edelstein v. Foley*, 6

5   Wn.2d 444, 107 P.2d 901 (1940).  Because the deficiencies in plaintiffs' operative

6   complaint cannot be rectified, judgment on the pleadings will be entered in favor of

7   Sheriff Urquhart.

8   **Conclusion**

9       For the foregoing reasons, defendant's Rule 12(c) motion for judgment on the

10   pleadings, docket no. 11, is GRANTED.  In light of the Court's ruling, plaintiffs' motion

11   for leave to amend their pleading to join additional plaintiffs, docket no. 13, plaintiffs'

12   motion to certify a class, docket no. 15, and defendant's motion to stay plaintiffs' motion

13   for class certification, docket no. 25, are STRICKEN as moot.  The Clerk is DIRECTED

14   to enter judgment consistent with this Order, to send a copy of this Order to all counsel of

15   record, as well as to the Office of the Attorney General of the State of Washington, at

16   1125 Washington St. SE, P.O. Box 40100, Olympia, WA  98504-0100, and to CLOSE

17   this case.

18       IT IS SO ORDERED.

19       Dated this15th day of December, 2016.

20

21

22   Thomas S. Zilly
United States District Judge

23