**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVA MOORE; BROOKE SHAW, | No.    20-35028 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-01123-TSZ |
| v. | MEMORANDUM* |
| MITZI JOHANKNECHT, in her official capacity as King County Sheriff, | |
| Defendant-Appellee, | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted December 9, 2020
Seattle, Washington

Before:  BERZON, MILLER, and BRESS, Circuit Judges.

Plaintiffs Moore and Shaw appeal the district court's dismissal of their

claims under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.  We

reverse and remand.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. Moore and Shaw have standing under the law of the case and the law of the circuit.  A panel of this circuit has already held, in a published opinion, that plaintiffs have standing to sue.  *See Moore v. Urquhart (Moore I)*, 899 F.3d 1094, 1099 (9th Cir. 2018).  Under the law of the case doctrine, we "generally refuse to reconsider an issue that has already been decided by the same court . . . in the same case."  *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) (citing *Jeffries v. Wood*, 114 F.3d 1484, 1488–89 (9th Cir. 1997) (en banc)).  And published panel opinions bind us absent irreconcilable intervening Supreme Court precedent.  *Miller v. Gammie*, 335 F.3d 889, 892–93 (9th Cir. 2003) (en banc).  In *Moore I*, the panel considered the same facts before us now, including that the writ of eviction was stayed and that Moore and Shaw had reached a settlement with their landlord.  *See* 899 F.3d at 1098, 1100.  The district court was bound by the *Moore I* panel's holding that plaintiffs have standing, as are we.

2. The amendments to the Residential Landlord-Tenant Act (RLTA) have not mooted this controversy.  They key provision at issue in this case, Wash. Rev. Code § 59.18.375 (§ 375), was not amended.  Defendants are therefore not entitled to a presumption of mootness.  *See Cuviello v. City of Vallejo*, 944 F.3d 816, 824 (9th Cir. 2019) (quoting *Ne. Fla. Chapter of Associated Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 662 n.3 (1993)).  Moore and Shaw allege that the notice provided by § 375 is constitutionally deficient.  As the text of the notice

provided to tenants pursuant to § 375 remains unaltered, this claim is not moot.

Moore and Shaw further allege that the nonpayment eviction procedures set out in

the RLTA violate due process under *Mathews v. Eldridge*, 424 U.S. 319 (1976).

Whether changes to statutory provisions other than § 375 cure any constitutional

defects in the RLTA scheme is a question that goes to the merits, not mootness.

We therefore hold that plaintiffs Moore and Shaw have standing and that the

controversy is not moot.

3. We do not reach the merits of the due process issues raised in this case.

The district court alternatively denied summary judgment to the plaintiffs on the

merits of their claims.  But denials of summary judgment are generally not

appealable.  *Wolfson v. Brammer*, 616 F.3d 1045, 1066 (9th Cir. 2010).  Our case

law is inconsistent as to whether appellate courts lack jurisdiction to consider

denials of summary judgment after a jurisdictional dismissal when, as here, the

decision on appeal resulted in entry of a final judgment in the district court, or,

instead, have discretion in such circumstances to decline to address the denial of

summary judgment on the merits.  *Compare Jones-Hamilton Co. v. Beazer*

*Materials & Servs., Inc.*, 973 F.2d 688, 694 n. 2 (9th Cir. 1992), *with Burke v.*

*Ernest W. Hahn, Inc.*, 592 F.2d 542, 546 & n.3 (9th Cir. 1979).  We need not

resolve this inconsistency here.  Even if we have discretionary jurisdiction to

review the merits, we decline to do so.

3

The decision of the district court is therefore **REVERSED** and the case is

**REMANDED** for further proceedings.